**UNITED STATES of America, Appellee,**

v.

**Robert V. MERRITT, Appellant.**

**No. 92–2280.**

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 9, 1992.

Decided Dec. 30, 1992.

Rehearing and Rehearing En Banc
Denied Feb. 12, 1993.

Steven K. Rabuck, Sioux Falls, SD, for appellant.

Kevin V. Schieffer, Sioux Falls, SD (Kevin V. Schieffer and Michelle G. Tapken, on the brief), for appellee.

Before JOHN R. GIBSON and MAGILL, Circuit Judges, and VAN SICKLE,* Senior District Judge.

MAGILL, Circuit Judge.

Robert V. Merritt pled guilty to the offense of aggravated sexual abuse and was sentenced· to 168 months imprisonment. Merritt appeals from this sentence, claiming the district court [1] erred by enhancing his sentence for the victim being in Merritt's custody, care, or supervisory control and for the use of force during the offense. He contends (1) the district court errone-

---

1. The Honorable John B. Jones, Chief Judge, United States District Court for the District of South Dakota.

ously placed on him the burden of proving the inapplicability of the enhancements; (2) the victim's statement, which provided a factual basis for the enhancements, was unreliable hearsay and he was not given an adequate opportunity to rebut the statement; and (3) the evidence was insufficient to support application of the enhancements. We affirm.

## I. BACKGROUND

A grand jury returned a six-count indictment against Merritt, charging him with two counts of aggravated sexual abuse, two counts of sexual abuse of a minor, and one count of abusive sexual contact with a minor. Pursuant to a plea agreement, Merritt pled guilty to one count of aggravated sexual abuse in violation of 18 U.S.C. § 1152 and § 2241(c).

The presentence report recommended sentencing enhancements for the use of force to commit the offense and for the eleven-year-old victim being in Merritt's custody, care, or supervisory control. It also contained factual allegations which provided a basis for these enhancements. Merritt filed written objections to the presentence report in which he denied using force to commit the offense and denied that the victim was ever placed in his custody, care, or supervisory control. He renewed these objections at the sentencing hearing. The district court found that the sentencing enhancements applied, and sentenced Merritt to 168 months imprisonment.

## II. DISCUSSION

### A. Burden of proof

■ Merritt contends the government did not meet its burden of proving applicability of the guideline sections which would enhance his sentence. *See United States v. Khang*, 904 F.2d 1219, 1222 (8th Cir. 1990) (stating burden of proof is on government when asserting sentence should be enhanced). At the sentencing hearing, the district court did not require the government to present evidence proving the enhancements should be applied to Merritt's sentence. Instead, the court gave Merritt

an opportunity to object to the applicability of the sections which would enhance his sentence, and allowed him to call witnesses to demonstrate the sections did not apply. We note Merritt did not object to the procedure which the court followed.

Merritt called as a witness Tracy West, the probation officer who had written the presentence report, and Merritt also testified. The government did not question these witnesses and did not call any witnesses. The burden of proof which rested on the government, however, inadvertently was met by Merritt himself. Merritt questioned West in a manner which allowed West to give testimony indicating that the factual statements in the presentence report were accurate to the best of his knowledge. *Cf. United States v. Wise*, 976 F.2d 393, 396 (8th Cir.1992) (en banc) (noting court questioned witness regarding accuracy of statements in presentence report). Merritt also asked questions regarding the victim's written statement upon which the presentence report was based, which indicated Merritt considered the written statement as validly made by the victim. Merritt had an opportunity to voice his objections to the presentence report and to question the probation officer who had prepared the report. *See id.* at 405. There was "no functional difference between the procedure that was followed and the result that would have been reached had the government been required to proceed to establish the truth of the allegations contained in the report by questioning [the probation officer] in the first instance." *Id.* The government's burden of proof functionally has been met.

### B. Victim's Statement

■ Merritt also argues that the victim's written statement upon which the court relied to enhance his sentence was unreliable hearsay and Merritt did not have a reasonable opportunity to rebut it. Merritt did not make this objection in the district court, however, and raises the issue for the first time on appeal. This court will not consider an issue raised for the first time on appeal absent a showing of plain error

resulting in a miscarriage of justice. *United States v. Carnes*, 945 F.2d 1013, 1014 (8th Cir.1991). Merritt has made no showing of plain error.

### C. Custody, Care, or Supervisory Control Enhancement

 Merritt claims the district court erred by enhancing his sentence for the victim being in Merritt's custody, care, or supervisory control. *See* U.S.S.G. § 2A3.1(b)(3) (Nov. 1991). We review the district court's determination under a clearly erroneous standard, and give due deference to the court's factual findings. *See* 18 U.S.C. § 3742(e); *United States v. Cornelius*, 931 F.2d 490, 493 (8th Cir.1991).

The enhancement for situations in which the defendant has supervisory control of the victim applies because the defendant "is a person the victim trusts or to whom the victim is entrusted" and this situation "represents the potential for greater and prolonged psychological damage." U.S.S.G. § 2A3.1, comment. (backg'd).

The district court found the enhancement applicable because Merritt was living with the victim's grandmother, and consequently Merritt was able to be alone with the victim when he abused her. Additionally, West testified at the sentencing hearing that Merritt had supervisory control over the victim when he picked her up from the home of relatives. Merritt had greater access to the victim because of his relationship with the victim's grandmother, and he used that access to sexually abuse the victim. The district court's determination that the sentencing enhancement applied is not clearly erroneous. *Cf. United States v. Balfany*, 965 F.2d 575, 585 (8th Cir.1992) (finding enhancement applied when defendant lived with victim's mother in same house as victim, and was left alone with victim).

### D. Use of Force Enhancement

 Merritt also claims the district court erred by enhancing his sentence for the use of force during the offense. *See* U.S.S.G. § 2A3.1(b)(1) (Nov. 1991) (stating that enhancement applies if offense was committed by means set forth in 18 U.S.C. § 2241(a)). Again, we review the district court's determination for clear error and give due deference to the court's factual findings. *See* 18 U.S.C. § 3742(e); *Cornelius*, 931 F.2d at 493.

The district court found the victim's statement contained in the presentence report that Merritt used force to commit the offense was accurate. This finding is sufficient to justify the enhancement. *See United States v. Lauck*, 905 F.2d 15, 17–18 (2d Cir.1990) (finding use of physical force to restrain victim sufficient under 18 U.S.C. §§ 2241(a), 2244(a)(1)). The district court did not clearly err in applying the enhancement.

### III. CONCLUSION

Because Merritt did not properly preserve issues for appeal and the district court's determinations were not clearly erroneous, we affirm.