UNITED STATES of America, Plaintiff–Appellee,

v.

John H. CHASENAH, Sr., Defendant–Appellant.

No. 93–6396.

United States Court of Appeals, Tenth Circuit.

May 3, 1994.

---

Vicki Miles–LaGrange, U.S. Atty., and Mark A. Yancey, Asst. U.S. Atty., Oklahoma City, OK, on the brief, for plaintiff-appellee.

William P. Earley, Asst. Federal Public Defender, Oklahoma City, OK, on the brief, for defendant–appellant.

Before MOORE, ANDERSON, and KELLY, Circuit Judges.

JOHN P. MOORE, Circuit Judge.

Following a plea of guilty to sexual contact with a minor under the age of twelve, defendant appeals his sentence claiming it was improperly enhanced. The district court found the victim was in defendant's custody, care, or supervisory control and thus applied the two-level enhancement required by U.S.S.G. § 2A3.4(b)(3). On appeal, defendant contends because the mother of the child testified the child's grandmother was the "primary" custodian of the child in the mother's absence and defendant was merely present in the home where the crime occurred, the defendant did not have the level of responsibility required for the enhancement. We believe the argument borders on the specious and affirm.

The defendant was a member of a large household which included four generations of family members. He is the husband of the victim's grandmother and, although not a blood relative of the victim, nonetheless, is regarded by the family as the child's grandfather.

On the day of the crime, the six-year old victim arrived home from school before her mother returned from work and after her father had departed. According to the victim's mother, on the occasions when she and her husband were away, the child was left in the custody of "all the adults" in the home, including defendant. She added that typically when the child returned from school she would be cared for by her great-grandmother, her grandmother, "and John [defendant]," depending on who was home at the time. She added that defendant and the other adults were given permission to discipline her children, and the youngsters were instructed to obey anyone who "was older than them [sic] or who was watching them." On the afternoon of the crime, she considered the great-grandmother and defendant as the "caretaker[s]" of her daughter.

Although the mother stated on cross-examination the "primary caretaker" of the child was the child's great-grandmother, the district court found from the evidence it was "the practice of this family" that responsibility for supervising the child fell on any adult in the home while the parents were absent. Thus, the court concluded, the "child was entrusted to their care; and while, in this particular instance, that entrustment and responsibility was shared, it was, nonetheless, one that characterizes the relationship of this defendant to the child and to her parents." Consequently, the court imposed the enhancement provided in § 2A3.4(b)(3).

The finding of fact forming the predicate to the sentence is binding upon us unless it is clearly erroneous. *United States v. Coleman*, 947 F.2d 1424, 1426 (10th Cir. 1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 1590, 118 L.Ed.2d 307 (1992); *United States v. Garcia*, 987 F.2d 1459, 1460 (10th Cir. 1993); 18 U.S.C. § 3742(e). Because the evidence clearly states all adults in the household, including the defendant, had custodial responsibility for the victim, the court's findings are not clearly erroneous.

The application note to § 2A3.4 clarifies:

Subsection (b)(3) is intended to have **broad application and is to be applied whenever the victim is entrusted to the defendant, whether temporarily or permanently....** In determining whether to apply this enhancement, **the court should look to the actual relationship that existed between the defendant and the victim and not simply to the legal status of the defendant-victim relationship.**

U.S.S.G. § 2A3.4, comment. (n. 3), (emphasis added). In substance, defendant would like us to read this note to include the word "exclusively" in juxtaposition with the word "entrusted." Such is obviously not the intent of the Commission, nor is it warranted by the sense of § 2A3.4(b)(3). Indeed, the focus of the guideline falls upon anyone who, for the purpose of abusive sexual contact, abuses even peripheral or transitory custody, care, or supervisory control of the victim. The enhancement recognizes the abuse itself as an additional evil in the offense.

Thus, it makes no difference that another person shares responsibility with the defendant for the care of the victim. Punishment is leveled at the one who takes criminal advantage of the trust others have placed in him, even though that trust is not exclusive.

In this case, taking into consideration the "actual relationship that existed" as the application note suggests, we are particularly struck by the fact the victim was taught by her mother to obey those who were "watching" her or who were older than she. When this fact is coupled with the general supervisory authority defendant was granted by the victim's parents, as clearly understood by the victim and the other members of the family, we are abundantly satisfied the district court committed no error in imposing the two-level enhancement in this case. *See United States v. Merritt,* 982 F.2d 305, 307 (8th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 2980, 125 L.Ed.2d 677 (1993).

**AFFIRMED.**