29 F.3d 628
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES OF AMERICA, Appellee,
v.
Carlos Enrique GUTIERREZ, Appellant.
 No. 94-1167.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 14, 1994.
Filed: July 27, 1994.
 
 Before BOWMAN, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Carlos Enrique Gutierrez, a federal prisoner, appeals the district court's[1] order denying his motion to vacate his sentence under 28 U.S.C. Sec. 2255. We affirm.
 
 
 2
 After Gutierrez pleaded guilty to a cocaine conspiracy offense, the district court sentenced him to 60 months imprisonment and four years supervised release. Approximately one year later, he filed a pro se motion under 18 U.S.C. Sec. 3742 arguing that he had understood he would receive a downward departure. We affirmed the denial of that motion, noting that the district court had discretion to treat the pleading as a motion under 28 U.S.C. Sec. 2255. See Gutierrez v. United States, No. 92-3117, slip op. at 2 (8th Cir. Dec. 29, 1992) (unpublished per curiam).
 
 
 3
 In July 1993, Gutierrez filed this section 2255 motion raising three issues: (1) the district court should have departed downward based on his good-faith effort to provide substantial assistance; (2) the government acted in bad faith when it failed to move for a downward departure; and (3) counsel rendered ineffective assistance by failing to fully advise the district court at sentencing of the information Gutierrez had provided. The district court rejected all three claims on their merits.[2]
 
 
 4
 We think the district court properly concluded that Gutierrez's claims lacked merit. His good-faith effort to assist was not a basis for departure without a motion from the government. See United States v. Kelly, 18 F.3d 612, 617 (8th Cir. 1994). The plea agreement reserved to the government the sole discretion to decide whether Gutierrez's information constituted substantial assistance for purposes of a departure motion, and after reviewing the record, we think Gutierrez did not make a substantial threshold showing of prosecutorial discrimination or irrational conduct. See United States v. Romsey, 975 F.2d 556, 557-58 (8th Cir. 1992). We agree with the district court that counsel did not perform deficiently at sentencing, and that Gutierrez cannot show he was prejudiced. See Lockhart v. Fretwell, 113 S. Ct. 838, 842-44 (1993).
 
 
 5
 Gutierrez argues for the first time on appeal that the government's expectations of him under the plea agreement were unclear. The plea agreement was clearly worded, and we do not believe a miscarriage of justice would result from our refusal to consider the issue. See United States v. Merritt, 982 F.2d 305, 306-07 (8th Cir. 1992), cert. denied, 113 S. Ct. 2980 (1993).
 
 
 6
 Accordingly, we affirm.
 
 
 
 [1]
 The HONORABLE DIANA E. MURPHY, Chief Judge, United States District Court for the District of Minnesota
 
 
 [2]
 The district court noted that it also would be entitled to reject Gutierrez's first two claims based on his failure to raise them on direct appeal. We agree. See Reid v. United States, 976 F.2d 446, 447-48 (8th Cir. 1992), cert. denied, 113 S. Ct. 1351 (1993); Ramey v. United States, 8 F.3d 1313, 1314 (8th Cir. 1993) (per curiam)