# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-4134

_____

United States of America,          *
          *
        Appellee,          *
          *    Appeal from the United States
    v.          *    District Court for the
          *    Northern District of Iowa
Guillermo Mendoza-Tinajero,    *
          *    [UNPUBLISHED]
        Appellant.        *

_____

Submitted:  January 3, 2000

Filed:  January 13, 2000

_____

Before McMILLIAN, HEANEY, and MORRIS SHEPPARD ARNOLD, Circuit
Judges.

_____

PER CURIAM.

Guillermo Mendoza-Tinajero appeals from the final judgment entered in the District Court[1] for the Northern District of Iowa after he pleaded guilty to being unlawfully present in the United States in 1998 following deportation, in violation of 8 U.S.C. § 1326(a) and (b). The district court sentenced appellant to 50 months imprisonment. For reversal, counsel filed a brief pursuant to Anders v. California, 386

___

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

U.S. 738 (1967), suggesting the district court erred in not granting Mendoza-Tinajero a downward departure. Mendoza-Tinajero filed a pro se supplemental brief in which he seems to argue his 1997 deportation was based on a 1995 drug offense that preceded the Antiterrorism and Effective Death Penalty Act (AEDPA), the terms of which cannot be applied to him retroactively; he was entitled in 1997 to a voluntary departure with the opportunity to reenter legally; he was punished three times for his 1995 drug offense; and his present sentence should be based only on his illegal reentry. For the reasons discussed below, we affirm the judgment of the district court.

Prior to sentencing, the district court heard Mendoza-Tinajero's motion for a downward departure based on U.S.S.G. §§ 2L1.2, comment. (n.5), and 5K2.0 (1997). The district court denied the motion, stating,

> I'm not inclined to grant a downward departure motion for a drug defendant who comes back into the country, and I have discretion, and I think we need to send a message that people who are convicted of drug offenses [and] who are deported . . . and reenter will not be treated leniently in this court.

(Sent. Tr. at 9.) These remarks indicate the court elected not to depart as a discretionary matter based on the facts of the case; hence, its decision not to depart is unreviewable. See United States v. Turechek, 138 F.3d 1226, 1228 (8th Cir. 1998).

The issues set out in the pro se supplemental brief were not raised in the district court. We thus review them for plain error, and find none. See United States v. Merritt, 982 F.2d 305, 306 (8th Cir. 1992), cert. denied, 508 U.S. 979 (1993). To the extent he may be trying to do so, Mendoza-Tinajero cannot contest his 1997 deportation in this appeal. Insofar as Mendoza-Tinajero challenges the alleged retroactive application of AEDPA, or the use of his 1995 drug offense to enhance his sentence, these arguments fail because the district court sentenced him for the 1998 offense of illegal reentry, not for drug trafficking. See U.S.S.G. Ch. 4, Pt. A, intro.

comment. (1997) (defendant's past crimes are "directly relevant" to sentencing under Guidelines); <u>United States v. Baca-Valenzuela</u>, 118 F.3d 1223, 1231 (8th Cir. 1997) (rejecting defendant's ex post facto argument because § 1326 punishes offense of reentry, not underlying criminal offense); <u>United States v. Thomas</u>, 930 F.2d 12, 14 (8th Cir. 1991) (use of prior crimes to enhance sentence does not violate Double Jeopardy Clause).

After reviewing the record in accordance with <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), we find no other nonfrivolous issues. Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-