# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-4017

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota. |
| Harold Voice, | * | |
| | * | [PUBLISHED] |
| Appellant. | * | |

_____

Submitted: January 11, 2000
Filed: January 24, 2000

_____

Before RICHARD S. ARNOLD, FAGG, and HANSEN, Circuit Judges.

_____

PER CURIAM.

A jury found Harold Voice guilty of two counts of abusive sexual contact, in violation of 18 U.S.C. §§ 2244(a)(1) and 2246(3), and the district court[1] sentenced him to concurrent terms of 73 months imprisonment and three years supervised release. For reversal, Voice contests the sufficiency of the evidence and the application of a two-level enhancement under U.S. Sentencing Guidelines Manual § 2A3.4(b)(3). We affirm.

---

[1] The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

Viewing the evidence in the light most favorable to the government, we conclude a rational trier of fact could have found the victim's testimony, as corroborated by her brother, established the essential elements of the crime beyond a reasonable doubt: the testimony shows Voice approached the victim while he was alone with her and touched her in the vaginal and anal areas. See United States v. Crow, 148 F.3d 1048, 1050 (8th Cir. 1998) (standard of review); United States v. Plenty Arrows, 946 F.2d 62, 67 (8th Cir. 1991) (concerning definition of abusive sexual contact).

As to the sentencing issue, we find no clear error in the district court's determination that the evidence--which included testimony of the victim's mother and Voice's companion that defendant and his companion were supposed to be babysitting the victim when the abusive contact occurred--supported a two-level enhancement to Voice's offense level because the victim was in his custody, care, or supervisory control. See U.S. Sentencing Guidelines Manual § 2A3.4(b)(3) & comment. (n.3); United States v. Merritt, 982 F.2d 305, 307 (8th Cir. 1992) (standard of review), cert. denied, 508 U.S. 979 (1993); United States v. Chasenah, 23 F.3d 337, 339 (10th Cir. 1994) (in applying § 2A3.4(b)(3), "it makes no difference that another person shares responsibility with the defendant for the care of the victim");United States v. Castro-Romero, 964 F.2d 942, 944 (9th Cir. 1992) (per curiam) (noting defendant is in custodial position when he is trusted by victim, or is person to whom victim is entrusted).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.