# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1832

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of South Dakota. |
| | * | |
| Ronald Neiss, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted:  November 19, 2003

Filed:  December 22, 2003

_____

Before MURPHY, LAY, and FAGG, Circuit Judges.

_____

PER CURIAM.

The Government charged Ronald Neiss, a resident of the Rosebud Sioux Reservation, with sexually abusing his girlfriend's six-year-old daughter on the reservation in violation of 18 U.S.C. §§ 1153, 2244(a)(1), 2244(c), 2246(3). During a routine Department of Social Services (DSS) interview, the girl had indicated to a caseworker that Neiss had touched her in her vaginal area. The interview was videotaped. Neiss later confessed to authorities that he rubbed the girl's vaginal area through her clothing in her bedroom, but that he had been very intoxicated and believed the six-year-old was her adult mother. The girl was removed from her mother's home, which she shared with Neiss, and sent to live with her grandmother.

The week before trial, the girl recanted her earlier statement and told the prosecutor Neiss had not touched her. She also stated her mother told her to say the touching "really didn't happen." At trial, the girl testified she did not remember anything about the DSS interview. The Government introduced the interview on videotape during the caseworker's testimony. In light of the girl's recantation, the defense argued the touching never occurred, rather than that the touching was accidental. The jury convicted Neiss.

Neiss appeals challenging the sufficiency of the evidence. Viewing the evidence in the light most favorable to the verdict and giving the verdict the benefit of all reasonable inferences, a reasonable jury could have found Neiss knowingly engaged in sexual contact with the girl. See United States v. Voice, 200 F.3d 584, 585 (8th Cir. 2000) (per curiam); United States v. Crow, 148 F.3d 1048, 1050 (8th Cir. 1998); United States v. Plenty Arrows, 946 F.2d 62, 67 (8th Cir. 1991). The jury could reasonably find from the girl's videotaped statement and the DSS caseworker's testimony that Neiss touched the girl in her vaginal area. The girl's initial account of the abuse was very similar to Neiss's account of the events, and her recantation was significantly undercut by Neiss's own pretrial admission that the touching occurred. Neiss's theory at trial that the illegal contact never occurred directly contradicted his earlier statement that the contact was accidental. The jury could also reasonably reject Neiss's explanation of accidental contact and find the illegal touching was done knowingly. Neiss claimed the touching was accidental because of his intoxication, yet Neiss drove home thirty miles after drinking and knew the layout of the residence because he lived there. In addition, the furniture in the girl's room included a sibling's crib and was differently arranged than the furniture in her mother's bedroom, and the six-year-old girl was obviously smaller than her mother.

Neiss also contends the district court abused its discretion in denying his motion for a new trial based on newly discovered evidence–testimony of the girl's psychologist that the girl had denied any wrongdoing on Neiss's part. The district

court properly denied the motion because the testimony would have been merely cumulative. <u>See</u> <u>United States v. Fellers</u>, 285 F.3d 721, 725 (8th Cir. 2002) (to warrant new trial, newly discovered evidence may not be merely cumulative). During the trial, the girl's guardian ad litem and grandmother testified the girl had told them Neiss had not touched her, and the girl herself testified Neiss did nothing improper to her.

We thus affirm the district court.

LAY, Circuit Judge, concurs only in the result.

_____