In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 07-2944

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

CASEY J. CARSON,

*Defendant-Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Illinois.
No. 3:06CR30135-001-GPM—**G. Patrick Murphy**, *Judge*.

_____

ARGUED AUGUST 6, 2008—DECIDED AUGUST 21, 2008

_____


Before EASTERBROOK, *Chief Judge*, and KANNE and
WOOD, *Circuit Judges*.

EASTERBROOK, *Chief Judge*.   Brenda Russell's parental
rights were terminated in 2004 when she abandoned her
son, who went to live with his aunt. The next year Russell
met Casey Carson, who was intrigued by both child
pornography and incest. In December 2005 the son's
aunt (who lives in Missouri) agreed to let him stay over-
night with Russell and Carson (who had taken up resi-

dence together in Illinois). At Carson's urging, Russell and her son engaged in both intercourse and fellatio, while Carson took pictures; Russell vetoed Carson's proposal to have anal sex with her son. A few weeks later the aunt agreed to a second overnight visit, again featuring incest (which Carson again photographed).

Both Russell and Carson pleaded guilty to conspiring to transport a minor across state lines for the purpose of unlawful sexual activity, 18 U.S.C. §2423(a), (e), and Carson also pleaded guilty to interstate travel to engage in illicit sexual conduct, 18 U.S.C. §2423(b). Russell, sentenced to 170 months' imprisonment, has not appealed. Carson's sentence of 540 months (360 months on one count and 180 months on the other, to be served consecutively) is contested. His sole argument is that the district court should not have added two offense levels under U.S.S.G. §2G2.1(b)(5), which applies when the defendant is "a parent, relative, or legal guardian of the minor involved in the offense, or if the minor was otherwise in the custody, care, or supervisory control of the defendant".

Carson maintains that this enhancement is inapplicable because the minor was in his mother's custody throughout. He assumes that only one person at a time can have "custody, care, or supervisory control" of a minor, but we don't see why. Application Note 3(A) to §2G2.1 tells us:

> Subsection (b)(5) is intended to have broad application and includes offenses involving a minor entrusted to the defendant, whether temporarily or permanently. For example, teachers, day care providers, baby-sitters, or other temporary caretakers are among those who

would be subject to this enhancement. In determining whether to apply this adjustment, the court should look to the actual relationship that existed between the defendant and the minor and not simply to the legal status of the defendant-minor relationship.

If the enhancement applies to a babysitter, even though the parents have ongoing legal custody and a right to direct the babysitter's performance, there is no reason why the enhancement cannot apply to someone in Carson's position, who shares custody and control with someone else. The aunt gave Russell and Carson mutual custody for the duration of the visits. What's more, even if Russell were deemed to be a sole custodian, her acts would be imputed to Carson because the two were joint venturers, and everything that occurred was within the scope of their agreement. See U.S.S.G. §1B1.3(a)(1)(B); see also *Pinkerton v. United States*, 328 U.S. 640 (1946). That Russell prevented Carson from sodomizing her son does not imply that Russell had sole authority, any more than the fact that Carson induced Russell to commit incest establishes that Carson was in sole control; the two acted by agreement, which makes both of them responsible. See *United States v. Chasenah*, 23 F.3d 337, 339 (10th Cir. 1994).

According to Carson, *United States v. Blue*, 255 F.3d 609 (8th Cir. 2001), which concerns a custody enhancement under U.S.S.G. §2A3.1(b)(3)(A), establishes that a parent's presence in the house where a sexual assault occurs prevents any finding that a non-parent has "custody, care, or supervisory control". This is not *Blue*'s holding, however. Blue sexually assaulted the minor in a bathroom,

while his mother was dozing in the bedroom. The court concluded that Blue could not be treated as having custody or control because no one had entrusted the minor to him; he simply took advantage of an opportunity when the mother could not protect her child. Carson, by contrast, had been entrusted with the minor and abused that position. *Blue* acknowledged that a non-relative may have joint custody with a minor's relative, see *United States v. Merritt*, 982 F.2d 305, 307 (8th Cir. 1993). The aunt gave Russell and Carson joint control of the minor for the duration of the visits, so §2G2.1(b)(5) applies.

AFFIRMED