**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 5, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
———————————————————

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DONALD LEE BLACKBIRD,

    Defendant - Appellant.

No. 19-7007

———————————————————

**Appeal from the United States District Court**
**for the Eastern District of Oklahoma**
**(D.C. No. 6:18-CR-00068-RAW-1)**
———————————————————

J. Lance Hopkins, Tahlequah, Oklahoma, for the Appellant Donald Lee Blackbird.

Christopher J. Wilson, Assistant United States Attorney (Brian J. Kuester, United States Attorney, and Linda A. Epperley, Assistant United States Attorney, on the brief), Office of the United States Attorney for the Eastern District of Oklahoma, Muskogee, Oklahoma, for the Appellee.

———————————————————

Before **CARSON**, **BALDOCK**, and **EBEL**, Circuit Judges.

———————————————————

**CARSON**, Circuit Judge.

———————————————————

Defendant, Donald Lee Blackbird, attempted to sexually abuse his fifteen-year-old granddaughter. He pleaded guilty to the offense, and the district court sentenced him to sixty months' imprisonment. At sentencing, the district court

applied a sentence enhancement, which increased his base offense level because "the minor was in the custody, care, or supervisory control of the defendant" at the time of the attempted sexual abuse. U.S. Sentencing Guidelines Manual § 2A3.2(b)(1) ("U.S.S.G.").

Defendant appeals his sentence, arguing that the government presented no evidence he had custody, care, or supervisory control of his granddaughter at the time of the attempted abuse. Our jurisdiction arises under 28 U.S.C. § 1291. Because the government failed to show that Defendant exercised "custody, care, or supervisory control" over the victim, we vacate the sentence and remand for resentencing.

I.

Defendant's now ex-wife, Carole Blackbird ("Carole"), lived in a house with four of the couple's minor grandchildren, including "S.B.," the victim in this case. Defendant, a convicted sex offender, lived in a nearby travel trailer because the Oklahoma Department of Human Services had required that he move out of Carole's house before it placed their minor grandchildren there. Carole stated that even though Defendant lived in the trailer, he often came to the house for meals and had an "apparently normal grandfather relationship" with their grandchildren. Although Defendant entered the house during the day, he slept in the trailer at night.

One day, Carole and three of the grandchildren left the house for a short time, with S.B. remaining home alone. As S.B. sat alone in the kitchen, Defendant came into the house to get a drink of water, a bowl of ice cream, and to watch television. Defendant entered the kitchen and began talking to S.B. about getting her driver's

2

license and first job. Defendant then touched her right buttock with his hand and told her that she could "make $10" if she let him "bust her cherry" (referring to sexual intercourse). S.B. told him to stop, and Defendant left the room. S.B. texted her grandmother, asking her to come home. She told her grandmother about the encounter, and Carole confronted Defendant. He admitted his actions but said he regretted it and apologized.

Defendant later pleaded guilty to attempted sexual abuse of a minor, in violation of 18 U.S.C. §§ 1153, 2243(a), and 2246. In preparation for sentencing, the United States Probation Office generated a Pre-Sentence Report ("PSR"). The PSR provided a base offense level of eighteen, but also included a four-level enhancement under U.S.S.G. § 2A3.2(b)(1). Section 2A3.2(b)(1) adds four levels to the base offense level if "the minor was in the custody, care, or supervisory control of the defendant" at the time of the attempted sexual abuse. Defendant objected to the enhancement. The district court overruled the objection and applied the enhancement, finding "by a preponderance of the evidence that the adjustment under Sentencing Guideline Section 2A3.2(b)(1) is appropriate." Defendant appealed.

In reviewing sentencing issues, we review legal questions de novo. United States v. Farnsworth, 92 F.3d 1001, 1009 (10th Cir. 1996). We review the district court's factual findings for clear error. United States v. Chasenah, 23 F.3d 337, 338 (10th Cir. 1994).

## II.

On appeal, Defendant argues that the district court erred in applying the four-level enhancement under U.S.S.G. § 2A3.2(b)(1) because the government presented no evidence that S.B. was in Defendant's custody, care, or supervisory control. We agree.

Section 2A3.2 "is intended to have broad application and is to be applied whenever the minor is entrusted to the defendant, whether temporarily or permanently." U.S.S.G. § 2A3.2 cmt. n.2(A). And in determining whether the enhancement applies, we must analyze the "actual relationship" between the defendant and the victim. Id.

The district court found that even though "the minor victim in this case was not expressly left in the actual or temporary custody or care of the defendant," she was in the house "alone for periods of time while the defendant, a trusted and immediate member of the family . . . freely and routinely entered the residence." The district court further found that the victim's mother described the defendant as having a normal grandfather relationship with S.B., but did not elaborate on that description. Based solely on these facts, the district court applied the four-level enhancement. These facts, however, do not show that Defendant had custody, care, or supervisory control of S.B. United States v. Blue, 255 F.3d 609, 614 (8th Cir. 2001).

Section 2A3.2(b)(1) requires that a defendant possess some degree of authority or control over the victim, rather than just mere proximity or familial relation to the victim. Id. (rejecting the district court's reasoning that grandfatherly relationship and proximity

to the victim demonstrated custody or care of the victim).[1]  For example, the Sentencing

Commission cites "teachers, day care providers, [and] baby-sitters" as individuals "who

would be subject to this enhancement."  U.S.S.G. § 2A3.2 cmt. n.2(A).  These individuals

are all "in a position of authority over the minor."  United States v. Brooks, 610 F.3d

1186, 1201 (9th Cir. 2010).

Our precedent also supports the notion that the enhancement applies when the

defendant is in a position of authority over a minor.  Thus, in Chasenah, we affirmed the

enhancement's application where "the child was left in the custody of 'all the adults' in

the home, including defendant" and, importantly, because the child was "instructed to

*obey* anyone who 'was older'" or "who was watching" her.  23 F.3d at 338 (emphasis

added).[2]  As Chasenah demonstrates, merely showing that Defendant is the victim's

grandfather is not enough.  The government also needed to show that Defendant had

some degree of authority over or responsibility for her.  Brooks, 610 F.3d at 1201

---

[1] In Blue, the Eighth Circuit also reasoned that despite the defendant's grandfatherly relationship with the victim, the evidence failed to show that "the victim trusted" the defendant or that the defendant was "entrusted with custody of the child."  Here, the government similarly failed to show that S.B. trusted Defendant or that Carole entrusted S.B. to him.

[2] We also note that in Chasenah, the victim was six years old.  23 F.3d at 338. While age is not dispositive, we consider it a relevant factor in determining whether a minor is in defendant's custody, care, or supervisory control. At sentencing, the district court discussed Chasenah and recognized it as distinguishable because six-year-olds cannot stay home alone.  Here, however, S.B. was fifteen at the time of the offense, and the district court acknowledged that Carole did not expressly leave S.B. in Defendant's care or custody.  Instead, Carole left S.B. home alone, with Defendant entering the residence only after she had left with the other three grandchildren. Unlike in Chasenah, the government presented no additional evidence, and the district court did not otherwise find, that Defendant babysat or was otherwise responsible for S.B. whenever Carole was out of the house.

(holding that the "defendant must have held a position of parent-like authority that existed apart from conduct giving rise to the crime").

In this case, the government admitted the opposite. When the district court asked questions about the "actual relationship" between Defendant and S.B., counsel conceded he had not presented "one iota of evidence that the defendant actually controlled any aspect of the young lady's life." The government acknowledged "it was unaware of any facts" showing that the defendant had authority over S.B.'s day-to-day functions. When the district court asked whether Defendant could require S.B. to do something as menial as "pick up [her] plate off the coffee table" or "go to bed" or "do [her] homework," the government even admitted it "was unaware of any facts" showing that Defendant possessed such authority.

In the end, we are left with a situation in which Defendant exploited an opportunity when he found S.B. home alone. United States v. Carson, 539 F.3d 611, 612 (7th Cir. 2008) (distinguishing Blue because in that case "no one had entrusted the minor to [defendant]; he simply took advantage of an opportunity when the mother could not protect her child"). His opportunistic conduct, however, does not meet the threshold for applying the four-level enhancement. Accordingly, because the government did not demonstrate by a preponderance of the evidence that S.B. was in the "custody, care, or

supervisory control of" Defendant at the time of the attempted sexual abuse, the district court's application of the enhancement constitutes clear error.

We, therefore, VACATE the sentence and REMAND to the district court for resentencing consistent with this opinion.