United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-3240

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District |
| | * | of Nebraska. |
| Darius M. Moss, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: January 13, 1998
Filed: March 11, 1998

_____

Before BOWMAN and MORRIS SHEPPARD ARNOLD, Circuit Judges, and JONES,[1] District Judge.

_____

BOWMAN, Circuit Judge.

Darius Moss was convicted by a jury of conspiracy to possess with intent to distribute crack cocaine and of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (1994), after which the District Court[2]

---

[1]The Honorable John B. Jones, United States District Judge for the District of South Dakota, sitting by designation.

[2]The Honorable William G. Cambridge, Chief United States District Judge for the District of Nebraska.

sentenced Moss to 360 months of imprisonment.  Moss appeals his conviction and his sentence, and we affirm.

## I.

Moss first argues that the District Court erred in admitting into evidence under Federal Rule of Evidence 801(d)(2)(E) the testimony of co-conspirator Maurice Starks that described the out-of-court declarations of another alleged co-conspirator.  See United States v. Bell, 573 F.2d 1040, 1044 (8th Cir. 1978) (laying out procedure for the admission of co-conspirator statements under Federal Rule of Evidence 801(d)(2)(E)).  Starks testified during Moss's trial as to statements made by "Boot," another alleged confederate, concerning the drug conspiracy.  Moss contends that the government failed to establish that "Boot" was a co-conspirator or that his declarations furthered the conspiracy.

An out-of-court statement of a co-conspirator is admissible under Federal Rule of Evidence 801(d)(2)(E) if the trial court is convinced by a preponderance of the evidence that the challenged statement was made during the course and in furtherance of a conspiracy to which the declarant and the defendant were parties.  See Bourjaily v. United States, 483 U.S. 171, 175 (1987).  A statement made in furtherance of a conspiracy "must somehow advance the objectives of the conspiracy, not merely inform the listener of the declarant's activities."  United States v. DeLuna, 763 F.2d 897, 909 (8th Cir.) (quoting United States v. Snider, 720 F.2d 985, 992 (8th Cir. 1983), cert. denied, 465 U.S. 1107 (1984)) (alteration omitted), cert. denied, 474 U.S. 980 (1985). We review for clear error a district court's decision to admit co-conspirator testimony under Rule 801(d)(2)(E).  See United States v. Edwards, 994 F.2d 417, 421 (8th Cir. 1993), cert. denied, 510 U.S. 1048 (1994).

Starks testified that he gave money to "Boot" on a number of occasions to purchase crack cocaine in three and four gram amounts for resale, that "Boot" identified

Moss as his crack cocaine source, and that Starks eventually began purchasing his crack cocaine directly from Moss for distribution. This testimony was sufficient to establish that "Boot" was a member of the conspiracy who arranged drug purchases for Moss and who furthered the goals of the conspiracy by introducing potential distributors to Moss as a source of crack cocaine. Consequently, this testimony was properly admitted by the District Court under Rule 801(d)(2)(E). See, e.g., United States v. Guerra, 113 F.3d 809, 814 (8th Cir. 1997) ("Statements of a coconspirator identifying a fellow coconspirator as his source of controlled substances is in furtherance of the conspiracy and therefore admissible.").

## II.

Moss next asserts that the District Court erred in calculating the quantity of drugs attributable to him for sentencing purposes. At trial, Robert Howell testified that he purchased crack cocaine from Moss on a specific occasion and, during the course of this particular transaction, observed a total of nine ounces of crack cocaine. At the sentencing hearing, Moss attacked Howell's credibility by presenting the testimony of Roberta, Tonya, and Christine Douglas, residents of the home in which Howell testified that Moss displayed the nine ounces of crack cocaine, each of whom testified that Howell was never in their home and, therefore, could not have seen Moss with nine ounces of crack cocaine in their residence. Moss contends that the District Court erred in relying on Howell's uncorroborated testimony and in discounting the Douglases' contradictory testimony regarding the nine ounces of crack cocaine attributed to Moss.

We review a district court's drug quantity calculations for clear error. See United States v. Scott, 91 F.3d 1058, 1062 (8th Cir. 1996). "Defendants who challenge the sentencing court's determination of drug quantity face an uphill battle on appeal because we will reverse a determination of drug quantity only if the entire record definitely and firmly convinces us that a mistake has been made." United States v. Sales, 25 F.3d 709, 711 (8th Cir. 1994). Moreover, the credibility of witnesses is for

the district court to determine, see United States v. Karam, 37 F.3d 1280, 1286 (8th Cir. 1994), cert. denied, 513 U.S. 1156 (1995), and its findings as to credibility are "virtually unreviewable on appeal," United States v. Adipietro, 983 F.2d 1468, 1472 (8th Cir. 1993) (quoting United States v. Candie, 974 F.2d 61, 64 (8th Cir. 1992)).

After a careful review of the record, we are satisfied that the District Court did not err, much less clearly err, in attributing to Moss the nine ounces of crack cocaine testified to by Howell. The District Court, faced with the conflicting testimony of Howell and the Douglases, did not expressly make a credibility finding, but it is apparent that the court chose to credit Howell's testimony regarding the nine ounces of crack cocaine. Because "we do not 'pass upon the credibility of witnesses or the weight to be given their testimony,'" United States v. Marshall, 92 F.3d 758, 760 (8th Cir. 1996) (quoting United States v. Witschner, 624 F.2d 840, 843 (8th Cir.), cert. denied, 449 U.S. 994 (1980)), we decline to reverse the District Court's drug quantity determination.

In a related argument, Moss contends that the District Court failed to follow Federal Rule of Criminal Procedure 32(c)(1), which directs sentencing courts to make specific findings resolving each controverted matter in a presentence report. Moss argues that, because the District Court neglected to make an express finding reconciling the conflicting testimony of Howell and the Douglases regarding the nine ounces of crack cocaine attributed to Moss for sentencing purposes, his sentence cannot stand. As noted above, it is apparent the District Court credited the testimony of Howell over that of the Douglases in finding Moss responsible for the nine ounces of crack cocaine. Though an express credibility finding would have been preferable, in these circumstances the District Court's assessment of witness credibility is evident. We therefore find no violation of Rule 32(c)(1).

## III.

Finally, Moss argues that the District Court erred in imposing a two-level enhancement for obstruction of justice. At the sentencing hearing, two United States Marshals testified that, during a trial recess while only the two marshals, a deputy, and witness Howell were in the courtroom, Moss knocked on the courtroom door to get Howell's attention and made a "cutthroat" gesture in Howell's direction by drawing his hand across his throat. Although Howell's testimony continued after this incident, the marshals testified that Howell was noticeably disturbed by the occurrence. Moss argues that his conduct does not amount to "threatening, intimidating, or otherwise unlawfully influencing a co-defendant, witness, or juror, directly or indirectly, or attempting to do so" as required for an obstruction of justice enhancement under the Sentencing Guidelines. U.S. Sentencing Guidelines Manual § 3C1.1, comment. (n.3(a)) (1995).

We review a district court's factual findings relative to sentencing enhancements for clear error, see United States v. Cabbell, 35 F.3d 1255, 1261 (8th Cir. 1994), and conclude that the District Court did not clearly err in enhancing Moss's offense level by two levels for obstruction of justice. The District Court interpreted Moss's "cutthroat" gesture as an attempt to influence or intimidate Howell, and we find no fault with this interpretation. Although Howell continued to testify after the incident, an attempt to intimidate or threaten a witness, even if unsuccessful, is sufficient to sustain a two-level enhancement for obstruction of justice. See U.S. Sentencing Guidelines § 3C1.1.

## IV.

Moss has submitted a pro se brief and a "Pro Se Traverse" raising additional arguments. We have considered these arguments and find them to be without merit.

Moss's conviction and sentence are affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.