# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

———————

No. 98-1502NE

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Nebraska. |
| | * | |
| Michael D. Vacanti, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

———————

Submitted: October 20, 1998
Filed: October 28, 1998

———————

Before FAGG, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

———————

PER CURIAM.

Michael D. Vacanti appeals his convictions for conspiracy to distribute methamphetamine and money laundering. Vacanti contends the evidence does not support his convictions because he purchased methamphetamine merely for personal use. Vacanti's drug suppliers testified they sold Vacanti several pounds of methamphetamine over several months, the police found methamphetamine, scales, a handgun, and other drug paraphernalia in Vacanti's home, and Vacanti's cellular phone records showed numerous calls between Vacanti and his suppliers. This evidence goes beyond a mere buyer-seller relationship and shows Vacanti knowingly and intentionally joined an established methamphetamine-distribution conspiracy. See United States v.

Eastman, 149 F.3d 802, 804 (8th Cir. 1998). Similarly, Vacanti's financial history and his wire transfers of large sums of money to his suppliers during the conspiracy support his money laundering convictions. See id. In sum, sufficient evidence exists from which a reasonable jury could find Vacanti guilty of all the offenses in the indictment beyond a reasonable doubt. See United States v. McCracken, 110 F.3d 535, 540 (8th Cir. 1997). Vacanti also argues the district court incorrectly calculated his sentence when the district court attributed more than ten kilograms of methamphetamine to him. The district court determined this amount based on the trial testimony of Vacanti's drug suppliers. The district court determines the credibility of the witnesses and the weight to be given their testimony, see United States v. Moss, 138 F.3d 742, 744-45 (8th Cir. 1998), and having reviewed the record, we find no error in the district court's guideline sentence.

We affirm Vacanti's convictions.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.