# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1137

_____

United States of America,

            Appellee,

    v.

Sheldon Mayhew,

            Appellant.

_____

No. 99-1293

_____

United States of America,

            Appellee,

    v.

Charles K. Mayhew,

            Appellant.

_____

No. 99-1294

_____

United States of America,

Appeals from the United States
District Court for the District
of Nebraska.

[UNPUBLISHED]

```
                                    *
         Appellant,                 *
                                    *
    v.                              *
                                    *
Charles K. Mayhew,                  *
                                    *
         Appellee.                  *
```

_____

No. 99-1319

_____

```
United States of America,           *
                                     *
         Appellant,                  *
                                     *
    v.                               *
                                     *
Sheldon Mayhew,                      *
                                     *
         Appellee.                   *
```

_____

Submitted: December 17, 1999

Filed: December 23, 1999

_____

Before McMILLIAN and FAGG, Circuit Judges, and BOGUE,[*] District Judge.

_____

[*]The Honorable Andrew W. Bogue, United States District Judge for the District of South Dakota, sitting by designation.

PER CURIAM.

After their coconspirators pleaded guilty and testified at trial, Sheldon and Charles Mayhew were convicted by a jury of conspiracy to distribute and possess with intent to distribute methamphetamine. The Mayhews appeal, and the Government cross-appeals. We affirm.

Sheldon Mayhew argues the evidence was insufficient to convict him. He acknowledges he was involved in some illegal activity, but contends there was no evidence he entered an agreement or understanding with others to possess and distribute drugs. Having reviewed the evidence in the light most favorable to the verdict, we conclude a reasonable jury could find otherwise. Sheldon also appeals his sentence, challenging the enhancement for obstruction of justice under U.S.S.G. § 3C1.1 based on his harassment and intimidation of a witness, and the enhancement for being an organizer or leader of criminal activity under U.S.S.G. § 3B1.1(a). We have considered the record and established case law, and conclude the district court properly imposed the enhancements.

Charles Mayhew attacks only his sentence. He takes issue with the district court's drug quantity finding, imposition of a leadership enhancement under U.S.S.G. § 3B1.1(a), refusal to grant a downward departure for his poor physical condition under U.S.S.G. § 5K2.0, imposition of an obstruction of justice enhancement under U.S.S.G. § 3C1.1 for telling coconspirators to minimize methamphetamine weight if arrested, and imposition of a fine under U.S.S.G. § 5E1.2. Having carefully considered these issues, we conclude the district court made no mistakes.

In its cross-appeal, the Government asks us to remand for resentencing and instruct the district court to make specific findings of fact explaining its drug quantity estimates. The presentence reports estimated both Sheldon and Charles were responsible for 30 kilograms of methamphetamine. The Mayhews objected to the

presentence reports' drug quantity determinations, stating certain drug amounts were not foreseeable and the unsubstantiated testimony of certain witnesses was not credible. The district court, which had presided over the trial and heard the witnesses testify, sustained the Mayhews' objections. Stating it had reviewed the evidence, the court found Sheldon was responsible for 400 grams of methamphetamine and Charles was responsible for 700 to 1000 grams of methamphetamine. Although the district court did not make express credibility findings, it is apparent the court chose to discredit the witnesses' testimony about certain drug amounts. See United States v. Moss, 138 F.3d 742, 745 (8th Cir. 1998). This is sufficient under our case law. See id. A district court's findings about credibility are virtually unreviewable on appeal. See United States v. Jones, 160 F.3d 473, 480 (8th Cir. 1998); Moss, 138 F.3d at 745. Contrary to the Government's assertion, the district court's drug quantity findings are not clearly erroneous.

We thus affirm the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-