# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3164

_____

United States of America,      *
     *
        Appellee,      *
     *    Appeal from the United States
       v.      *    District Court for the
     *    District of Nebraska.
Mary Johnson Brooks,      *
     *       [UNPUBLISHED]
       Appellant.      *

_____

Submitted: February 29, 2000

Filed: July 6, 2000

_____

Before McMILLIAN, HEANEY, and MORRIS SHEPPARD ARNOLD, Circuit
Judges.

_____

PER CURIAM.

Mary Johnson Brooks pleaded guilty to possessing cocaine base with intent to deliver, in violation of 21 U.S.C. § 841(a)(1), and was sentenced to eighty months imprisonment and five years supervised release. Over Ms. Brooks's objection, the district court[1] held her responsible for 140 grams of cocaine base recovered from a boot in the southeast bedroom of her residence, which she rented to co-defendant Carl

_____

[1]The Honorable William G. Cambridge, Chief Judge, United States District Court for the District of Nebraska.

Johnson. On appeal, Ms. Brooks's counsel challenges the inclusion of this drug quantity, and has moved to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967). Although we granted Ms. Brooks permission to file a pro se supplemental brief, she did not do so. For the reasons discussed below, we affirm.

In making its drug-quantity determination, the district court was presented with the following information. A confidential informant had visited the residence and observed Ms. Brooks and Mr. Johnson each conduct one sale of cocaine base. When police executed a search warrant at the residence, Ms. Brooks and Mr. Johnson were found in the southwest bedroom (Ms. Brooks's room), along with a loaded semi-automatic pistol, a scale, and drug paraphernalia. Less than a gram of cocaine base was found in Ms. Brooks's pants pocket and on her bed. Roughly 170 grams of cocaine base were found in the southeast bedroom (Mr. Johnson's room), inside a boot and a dresser drawer. Although she claimed not to have known that Mr. Johnson was a drug dealer when she initially rented the room to him, Ms. Brooks admitted that she knew he had been selling cocaine base out of the residence in recent months. She acknowledged that he would sometimes leave packages for her to exchange with people for money and produce. Ms. Brooks claimed that she did not know the contents of the packages she exchanged on Mr. Johnson's behalf, that she did not know how much cocaine base he was dealing, and that she did not enter his room. Ms. Brooks acknowledged being a user of cocaine base, but denied dealing it from her residence.

We review for clear error the district court's findings regarding drug quantity, and defendants challenging such determinations "face an uphill battle on appeal." See United States v. Moss, 138 F.3d 742, 745 (8th Cir. 1998). Based on the facts recited above, the court did not clearly err in concluding that Ms. Brooks had aided and abetted Mr. Johnson's drug enterprise, and hence was responsible for the drug quantity seized. See United States v. Strange, 102 F.3d 356, 360-61 (8th Cir. 1996). Under these circumstances, the 140 grams of cocaine base hidden in the boot in Mr. Johnson's room was properly treated as relevant conduct, regardless of whether Ms. Brooks knew

either its volume or nature. See id. at 361. In evaluating the extent of Ms. Brooks's participation in Mr. Johnson's drug enterprise, the court was not obligated to take her at her word that she did not know the contents of the packages she exchanged on his behalf, particularly since her assertion that she had not dealt cocaine base from the residence was impeached by the confidential informant's observation of such a transaction. See United States v. Hyatt, 207 F.3d 1036, 1038 (8th Cir. 2000) (district court's credibility determinations are virtually unreviewable on appeal).

While we are mindful that Ms. Brooks appears less culpable than Mr. Johnson (a police officer commented that "Brooks was not nearly as involved in this offense as co-defendant Johnson"), the Sentencing Guidelines nonetheless assign her responsibility for her involvement in his drug enterprise. See Strange, 102 F.3d at 361 ("While we recognize full well that this could, in some cases, result in what might appear to be disproportionate sentences, it is certainly within the province of Congress to resolve that there is some deterrent value in exposing a drug trafficker to liability for the full consequences, both expected and unexpected, of his own unlawful behavior.").

Having reviewed the briefs and independently examined the record in accordance with Penson v. Ohio, 488 U.S. 75 (1988), we detect no nonfrivolous issues. Accordingly, we affirm the judgment of the district court and grant counsel's motion to withdraw.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-