# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 00-2334NI

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | On Appeal from the United States |
| | * | District Court for the |
| v. | * | Northern District of Iowa. |
| | * | |
| David Tachay Heard, also known as | * | [Not To Be Published] |
| Tashay, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: February 13, 2000

Filed: February 26, 2001

_____

Before McMILLIAN, RICHARD S. ARNOLD, and FAGG, Circuit Judges.

_____

PER CURIAM.

Pursuant to a conditional plea agreement, Heard pleaded guilty to possessing with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a) and 18 U.S.C. § 2; and to using and carrying firearms in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Heard's indictment was obtained after law enforcement officers executed a search warrant on his residence and recovered marijuana and weapons there. The warrant was supported by the affidavit of a police

investigator, based on statements given by an informant. Prior to his guilty plea, Heard moved to suppress the seized evidence, arguing that the investigator's affidavit was based on false statements, which the officer had made knowingly and intentionally, or with reckless disregard for the truth. Heard attached an affidavit from the informant, in which the informant recanted his statements. After a suppression hearing, the District Court[1] denied the motion to suppress. This appeal followed.

Heard reasserts that the search-warrant affidavit was based on false statements by the informant. We conclude, however, that the District Court did not clearly err in finding that the warrant application included no false statements. See Franks v. Delaware, 438 U.S. 154, 155-56, 171 (1978) (permitting challenge to validity of warrant on ground that no probable cause existed because affiant intentionally or recklessly included false statement in, or omitted material facts from, affidavit supporting search warrant); United States v. Searcy, 181 F.3d 975, 978 (8th Cir. 1999) (factual findings underlying denial of motion to suppress are reviewed for clear error). The informant and the officers who spoke to him--and who prepared the typewritten statement the informant later signed--all testified at the suppression hearing. The District Court did not find credible the informant's testimony that he had been intimidated by police and had never volunteered the statements at issue. As the District Court recognized, the issue is one of witness credibility, and witness-credibility issues are virtually unreviewable on appeal. See United States v. Moss, 138 F.3d 742, 745 (8th Cir. 1998).

In a supplemental filing, Heard draws our attention to Bailey v. United States, 516 U.S. 137 (1995). We understand him to be arguing that his section 924(c) conviction is invalid. Even setting aside Heard's failure to raise a Bailey issue below,

---

[1]The Honorable Michael J. Melloy, United States District Judge for the Northern District of Iowa, adopting the report and recommendations of the Honorable John A. Jarvey, United States Magistrate Judge for the Northern District of Iowa.

we reject this attack on his conviction. During the search of his home, Heard was found with a gun and drugs in his front pockets. The search team found more drugs elsewhere in the residence. This evidence supports a carrying conviction. See United States v. McKinney, 120 F.3d 132, 133-34 (8th Cir. 1997) (definition of "carry" under § 924(c) includes having gun on one's person).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.