# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2454

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Eastern |
| v. | * | District of Missouri. |
| | * | |
| Willie Lee Smith, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: April 11, 2001

Filed: April 18, 2001

_____

Before BOWMAN and FAGG, Circuit Judges, and CARMAN,* Judge.

_____

PER CURIAM.

The Government indicted Willie Lee Smith on two counts of conspiracy to possess with intent to distribute and manufacture five grams or more of cocaine base, and one count of possession with intent to distribute cocaine. Before trial, the Government notified Smith that given his earlier criminal convictions for felony drug offenses, he would be subject to enhanced statutory maximum sentences of life imprisonment on the conspiracy charges under 21 U.S.C. § 841(b)(1)(B) and thirty

_____

*The Honorable Gregory W. Carman, Chief Judge, United States Court of International Trade, sitting by designation.

years on the possession charge under § 841(b)(1)(C). A jury found Smith guilty of all charges. In its verdict, the jury specifically found the Government established beyond a reasonable doubt that the amount of cocaine base involved in each of the conspiracy offenses was five grams or more. Based on these drug amounts and Smith's earlier convictions for felony drug offenses, the statutory maximum sentence on each conspiracy count was life imprisonment. See 21 U.S.C. § 841(b)(1)(B)(iii). After receiving the testimony of three witnesses at sentencing, the district court[**] found Smith was responsible for 1.5 kilograms of cocaine base "which [Smith] and others under his direction distributed over a long period of time," and imposed enhancements for obstruction of justice and Smith's role in the offense. The court then sentenced Smith to the statutory maximums of life imprisonment on the two conspiracy counts and 360 months on the possession count.

On appeal, Smith argues the district court's factual findings supporting the drug-quantity determination and the enhancements violated Apprendi v. New Jersey, 120 S. Ct. 2348 (2000), because they were not found beyond a reasonable doubt by the jury. Apprendi holds, "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." See 120 S. Ct. at 2362-63. Here, the jury found beyond a reasonable doubt the facts necessary to increase Smith's statutory maximum sentence to life imprisonment: the drug quantity finding of five grams or more of cocaine base. See 21 U.S.C. § 841(b)(1)(B)(iii). Because Smith's indictment alleged the conspiracies involved five grams or more of cocaine base and the jury made a special finding that Smith's conspiracy offenses involved five grams or more of cocaine base, Smith's sentence does not violate Apprendi. See United States v. Shepherd, 219 F.3d 766, 769 (8th Cir. 2000), cert. denied, 121 S. Ct. 1208 (2001).

---

[**]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

Smith also asserts the district court committed error in holding Smith responsible for 1.5 kilograms of cocaine base. See U.S.S.G. § 2D1.1. Smith argues the district court should not have believed the testimony of three unreliable witnesses and did not make specific findings about "what drug quantities from what witness testimony it incorporated into its calculation." The district court found, "The testimony of others is believable and persuasive that [Smith] is responsible for bringing in large quantities of crack cocaine into Missouri through others and that [Smith] organized others in distributing large quantities in excess of 1.5 kilograms to others." Witness credibility is an issue for the sentencing judge that is virtually unreviewable on appeal. See United States v. Moss, 138 F.3d 742, 745 (8th Cir. 1998). The district court's assessment of witness credibility is evident, and thus the district court did not violate Federal Rule of Criminal Procedure 32(c)(1). See id. We conclude the district court's drug quantity finding is not clearly erroneous.

Last, we decline to consider Smith's pro se brief because Smith is represented by counsel, see United States v. Peck, 161 F.3d 1171, 1174 n.2 (8th Cir. 1998), and because the brief cites no legal authorities, see Fed. R. App. P. 28(a)(9)(A); Molasky v. Principal Mutual Life Ins. Co., 149 F.3d 881, 885 (8th Cir. 1998); United States v. Gonzales, 90 F.3d 1363, 1369-70 (8th Cir. 1996).

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.