# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2344

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota |
| Michael J. Berberich, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted:  December 12, 2000

Filed:   June 21, 2001 (corrected 6/25/01)

_____

Before McMILLIAN and JOHN R. GIBSON, Circuit Judges, and LAUGHREY,[1]
     District, Judge.

_____

McMILLIAN, Circuit Judge.

Michael Berberich (defendant) appeals from a final judgment entered in the United States District Court[2] for the District of South Dakota upon his guilty plea to one count of controlling a residence used for unlawful drug activity, in violation of 21

_____

[1]The Honorable Nanette K. Laughrey, United States District Court Judge for the Western District of Missouri, sitting by designation.

[2]The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota.

U.S.C. § 856(a)(1). The district court sentenced defendant to 120 months imprisonment, three years supervised release, a special assessment of $100, and a fine of $2,000. See United States v. Berberich, No. 4:99CR40149-02 (D.S.D. Apr. 25, 2000) (judgment). For reversal, defendant argues that the district court clearly erred in determining the quantity of drugs for which he is accountable for purposes of sentencing.

Also before this court is a motion filed by the government to dismiss the present appeal on the ground that, as part of the plea agreement, defendant waived his right to appeal his sentence absent a departure from the guidelines.

For the reasons stated below, we grant the government's motion to dismiss the appeal.

**Jurisdiction**

Jurisdiction was proper in the district court based upon 18 U.S.C. § 3231. Jurisdiction is proper in this court based upon 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). The notice of appeal was timely filed pursuant to Fed. R. App. P. 4(b).

**Background**

The following is a summary of the background of this case. On December 16, 1999, defendant and Chad Deming were charged in a nine-count indictment with conspiracy to possess with intent to distribute methamphetamine, conspiracy to manufacture methamphetamine, possession with intent to distribute methamphetamine, possession of listed chemicals used to manufacture methamphetamine, control of a residence used for unlawful drug activity, and unlawful possession of a firearm.

Defendant entered into a plea agreement with the government.  The plea

guilty plea to one

would dismiss the remaining counts against him in the indictment.  The plea agreement

included a waiver of appeal rights.  In particular, Paragraph 9 of the plea


9.	**OF DEFENSES AND APPEAL RIGHTS:** Defendant
waives any right to appeal any and all motions, defenses, probable cause

could assert to this prosecution, and to the Court's entry of judgment
defendant and imposition of sentence, including sentence appeals under

this waiver of defenses and appeal rights is the defendant's right to appeal
sentence should the Court depart from the guideline range established

by the Court for the offenses.


the change of plea hearing on February 22, 2000, defendant entered his guilty plea

defendant as to whether or not he understood the waiver of appeal rights, and defendant
that he did.  <u>See</u>

subsequently found that defendant was "fully competent and capable of entering an
plea," and that defendant's plea was "knowing and voluntary."  <u>Id.</u>


At defendant's sentencing hearing on April 24, 2000, the government presented
– including witness testimony and exhibits such as photographs – which indicated

officers received information from a confidential informant that individuals were
and selling methamphetamine at a house at 117 South Garfield Avenue in

girlfriend, Cheri Bohnenkamp, were living in the house.  On October 25, 1999, the confidential

South Garfield residence. During the transaction, the confidential informant dealt directly with Deming, while defendant stayed in the bedroom of the house. The confidential informant gave the purchase money to Deming, Deming brought the money to the bedroom, and then Deming returned with the methamphetamine. The officers thereafter obtained a warrant to search the house. Upon executing the warrant, the officers found, among other things: methamphetamine; drug paraphernalia and drug notes; chemicals, equipment, and recipes for manufacturing methamphetamine; empty pseudophedrine bottles; and a firearm. Defendant, Deming, and a third individual were present at the time of the search. A forensic chemist opined that the items found in the house were consistent with the manufacture of methamphetamine and that approximately 11 grams of pure methamphetamine could have been produced with the amount of pseudophedrine that would have been in the empty bottles. Deming and Bohnenkamp each testified for the government that they had moved in with defendant in June 1999, at which time defendant was already experimenting with making methamphetamine. While both defendant and Deming sold the methamphetamine, only defendant manufactured it. Defendant also had an outside supplier named Chim Lo Van, who brought approximately one-half to one ounce of methamphetamine to the house per visit, for a total of approximately three to five pounds altogether. In addition, on one occasion, Deming arranged for an individual named Cornell McBride to provide half an ounce of methamphetamine to defendant and Deming.

The district court found that defendant was accountable for a total of 341 grams of methamphetamine based upon the following sub-quantities: (1) 5 grams found in a chess board in defendant's room, (2) 42 grams manufactured between mid-July and mid-August 1999, (3) 14 grams obtained from McBride, and (4) 280 grams obtained from Chim Lo Van. See United States v. Berberich, judgment at 6.1 (Apr. 25, 2000) (statement of reasons for sentence imposed). The district court assigned defendant a base offense level under the guidelines that corresponds with the finding that defendant's offense involved between 200 and 350 grams of methamphetamine. See U.S.S.G. § 2D1.1(c)(6).

-4-

At

comment: "The defendant does have the right to appeal the judgment and sentence and the defendant chooses to do so that notice of appeal would have to be filed within ten days from the date

at 116.  The district court asked defendant whether he understood his right to appeal, <u>Id.</u> at 117.


thereafter brought the present appeal, challenging his sentence under the

attributable to him, the district court clearly erred because it based its findings on the testimony of Deming and Bohnenkamp.  Defendant notes that Deming testified pursuant to a plea agreement, that Deming's testimony contained regarding the applicable drug quantities, and that Deming admitted his memory

memory problems similar to Deming's.


In

seeking to dismiss the appeal in light of the waiver of appeal rights contained in 9 of the plea agreement.  The government also filed an appellee brief, in which

its drug quantity determination.


In

contends that the waiver of appeal rights in the plea agreement should not preclude the appeal because the district court specifically stated at the sentencing hearing that

unenforceable if the Court informs the Defendant that he had an opportunity to appeal the Defendant affirmatively understands he can appeal his sentence." Appellant's Response                                                                            <u>United States v.</u>

_____, 59 F.3d 914, 917-18 (9  Cir.) (district court's oral statement that the

-5-

defendant had the right to appeal rendered the defendant's waiver of appeal rights unenforceable), cert. denied, 516 U.S. 970 (1995)).

We have taken the government's motion to dismiss the appeal under advisement and have consolidated it with the appeal.

## Discussion

Upon review, we hold that defendant is barred from bringing the present appeal. The waiver of appeal rights in Paragraph 9 of the plea agreement is clear and unambiguous and unquestionably covers the sentencing issue now before us. Moreover, at the change of plea hearing, the district court specifically questioned defendant about the waiver of appeal rights, and defendant stated on the record that he understood the waiver. The district court also expressly found that defendant's guilty plea (based upon the plea agreement) was knowing and voluntary, and defendant has presented no argument or evidence to the contrary. As for the district court's later comments at the sentencing hearing addressing defendant's right to appeal the sentence, this court has specifically rejected the reasoning in United States v. Buchanan, which defendant urges us to adopt. See United States v. Michelsen, 141 F.3d 867, 871 (8th Cir.) ("Assuming we would be free to do so, we decline to adopt the reasoning of Buchanan."), cert. denied, 525 U.S. 942 (1998). In United States v. Michelsen, the defendant, Michelsen, asserted similar arguments to those advanced herein by defendant. In rejecting Michelsen's arguments, this court explained:

> Any statement by the court at the sentencing hearing could not have affected Michelsen's decision, made nearly three months earlier, to plead guilty and waive his appellate rights. Michelsen's apparent later belief – based upon events that occurred after his sentence was imposed – that he might be allowed to escape from his commitments, is irrelevant to our present inquiry.

Moreover, the admonition by the court that Michelsen "may appeal this sentence within ten days after the filing of the judgment in this matter," was not an inaccurate statement or wholly inconsistent with Michelsen's waiver. Notwithstanding his waiver, Michelsen nevertheless implicitly preserved his right to appeal on grounds that his sentence was illegal or imposed in violation of the plea agreement. By informing Michelsen of the statutory right to file an appeal, the court was complying with its duty to do so. In any event the court's recitation of Michelsen's statutory right could not unilaterally revoke the earlier waiver to which Michelsen had agreed.

United States v. Michelsen, 141 F.3d at 872 (citations and footnotes omitted).

Thus, we are bound by this court's prior decisions to grant the government's motion to dismiss the appeal under similar circumstances.[3] See, e.g., United States v. Williams, 160 F.3d 450 (8th Cir. 1998) (per curiam) (granting the government's motion to dismiss the appeal based upon the defendant's knowing and voluntary waiver of appeal rights in the plea agreement).

**Conclusion**

---

[3]Even if we were to reach the merits of defendant's appeal, we would not find grounds for reversal, particularly in light of the applicable standard for reversing a drug quantity finding at sentencing. See United States v. Moss, 138 F.3d 742, 745 (8th Cir. 1998) (requiring a finding of clear error and a definite and firm conviction that a mistake has been made). Indeed, under the guidelines, a sentencing court may approximate a drug quantity where there was no seizure of drugs reflecting the scale of the offense. See U.S.S.G. § 2D1.1, app. note 12. In the present case, the district court based its approximations of certain sub-quantities of methamphetamine on numerous exhibits and the testimony of several witnesses, including – but not limited to – Deming. The district court also specifically found that Deming's testimony was credible. See Sentencing Transcript at 93. That credibility finding would be "virtually unreviewable" on appeal. See United States v. Moss, 138 F.3d at 745.

-7-

For the reasons stated, we dismiss the appeal.

A true copy.

Attest:

U.S. COURT OF APPEALS, EIGHTH CIRCUIT.