# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1790

_____

| | | |
|---|---|---|
| United States of America | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Minnesota |
| | * | |
| Charles Jason Parkhurst, | * | [UNPUBLISHED] |
| also known as Charles Erickson, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: November 13, 2001
Filed: November 29, 2001

_____

Before BYE, RICHARD S. ARNOLD, and BEAM, Circuit Judges.

_____

PER CURIAM.

Charles Parkhurst pleaded guilty to assaulting a woman with a dangerous weapon, 18 U.S.C. §§ 113(a)(3), 1151, 1153(a), and using a firearm during that violent crime, 18 U.S.C. § 924(c)(1)(A). At the change-of-plea hearing, the district court[1] read portions of the indictment into the record, including factual allegations that Parkhurst is an Indian and that his crimes occurred in Indian Country on the Red Lake Indian Reservation in Minnesota.

_____

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

Parkhurst waived the right to appeal his conviction in his plea agreement (subject to two exceptions not pertinent here), but he instituted this appeal anyway. To avoid the obvious waiver, Parkhurst attempts to characterize the issues raised on appeal as challenges to the subject matter jurisdiction of the district court.

Parkhurst contends that the district court lacked jurisdiction to impose his sentence because the government proved neither that he is an Indian nor that his crime took place in Indian Country. This contention actually challenges the government's proof of two elements of the charged crimes, a non-jurisdictional argument frequently characterized as a sufficiency-of-the-evidence challenge. Parkhurst also argues that the federal law granting federal courts jurisdiction over certain crimes committed in Indian Country is unconstitutional as applied to the Red Lake Indian Reservation, and that Congress lacked the power to enact the law. These arguments are constitutional, not jurisdictional, in character.

Federal district courts have jurisdiction over prosecutions stemming from certain crimes committed by Indians in Indian Country. 18 U.S.C. §§ 1153(a), 3231. Parkhurst's indictment lists several such federal offenses, as well as the pertinent facts that Parkhurst is an Indian and that his crimes took place in Indian Country. "In order for a defendant who has pleaded guilty to sustain a challenge to the district court's jurisdiction, he must establish that the face of the indictment failed to charge a federal offense." Mack v. United States, 853 F.2d 585, 586 (8th Cir. 1988) (per curiam). Parkhurst's indictment plainly alleges cognizable federal offenses and hence the district court properly had jurisdiction to impose his sentence.

As we have explained, Parkhurst's claims are not jurisdictional in character and he waived the right to raise other claims on appeal in his plea agreement. We therefore dismiss this appeal to enforce his knowing and voluntary waiver of appellate rights. See United States v. Berberich, 254 F.3d 721, 724-25 (8th Cir.), cert. denied, No. 01-6574 (Oct. 29, 2001).

A true copy.

Attest:

       CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.