# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3511

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Gerardo Jimenez, | * | Western District of Missouri. |
| | * | |
| Appellant. | * | [UNPUBLISHED] |

_____

Submitted:  December 20, 2002
Filed:  December 24, 2002

_____

Before WOLLMAN, FAGG, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Gerardo Jimenez pleaded guilty to conspiring to possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846. The district court[1] sentenced him to 87 months imprisonment and 5 years supervised release. On appeal, his counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the court erred in denying Jimenez a 3-level acceptance-of-responsibility reduction. In his pro se

_____

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

submissions Jimenez adds that under the plea agreement he was entitled to an acceptance reduction and the government thus breached the agreement, and that the drug-quantity determination was unreliable and erroneous. We affirm.

The district court did not clearly err in denying an acceptance-of-responsibility reduction, see United States v. Ervasti, 201 F.3d 1029, 1043 (8th Cir. 2000) (standard of review), given Jimenez's statements during his presentence interview essentially denying some of the facts underlying his offense, see U.S.S.G. § 3E.1.1 comment. (n.3) (2000) (evidence of timely acceptance may be outweighed by conduct of defendant that is inconsistent with such acceptance; defendant who enters guilty plea is not entitled to acceptance adjustment as matter of right).

Jimenez's pro se arguments regarding drug quantity and breach of his plea agreement are raised for the first time of appeal, and we find there was no plain error. See United States v. Montanye, 996 F.2d 190, 192 (8th Cir. 1993) (en banc) (plain-error standard of review applies when issues are not raised in district court). First, the plea agreement specifically stated that any sentencing stipulations, including the anticipated acceptance-of-responsibility reduction, were not binding on the court. Second, at sentencing Jimenez stipulated to the drug quantity attributable to him, see United States v. Nguyen, 46 F.3d 781, 783 (8th Cir. 1995) (defendant who voluntarily exposes himself to specific sentence may not challenge that punishment on appeal); and in any event, the drug-quantity determination was based on cocaine--laboratory-tested and weighed--that had been seized incident to a codefendant's arrest, see United States v. Moss, 138 F.3d 742, 745 (8th Cir. 1998) (drug-quantity determination reviewed for clear error).

Finally, to the extent Jimenez intended to bring a claim of ineffective assistance, this is not properly before us. See United States v. Clayton, 210 F.3d 841, 845 n.4 (8th Cir. 2000).

Having reviewed the record independently pursuant to <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), we find no nonfrivolous issues. Accordingly, we affirm, and we grant counsel's motion to withdraw.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.