# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1315

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Nebraska. |
| | * | |
| Robert K. Brown, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: September 26, 2006
Filed: November 22, 2006

_____

Before LOKEN, Chief Judge, BEAM and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Robert Brown entered a plea of guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). In this appeal, Brown alleges that the district court erred by not making specific factual findings in response to his objections to the presentence investigation report (PSR). Brown objected to the PSR's calculation of an enhancement, pursuant to United States Sentencing Guidelines Manual § 2K2.1(b)(4), that he possessed a stolen weapon. Brown also argues there was insufficient evidence to support the prior convictions listed in the PSR.

The government concedes that the district did not make specific factual findings as set forth in Rule 32(i) with regard to Brown's 2K2.1(b)(4) objection. See Fed. R.

Crim. P. 32(i)(3)(B) (district court must rule on the dispute or find that a ruling is unnecessary, when defendant objects to portions of the PSR). But the government argues, since Brown only made *legal* objections to the PSR (Brown objected by arguing that the enhancement was barred by Blakely[1] and Apprendi[2] because it was based on judge-found facts), the district court was not required to make findings pursuant Rule 32(i).

We agree that Brown's objection was primarily legal in nature because it was based on Blakely and Apprendi, but it did have a factual component–that the district court, instead of a jury, was allowed to find facts supporting the enhancement. Clearly the legal component of his objection is without merit, United States v. Booker, 543 U.S. 220 (2005). Furthermore, a review of the sentencing transcript reveals that the district court implicitly overruled Brown's objection by applying the 2K2.1(b)(4) enhancement.

In United States v. Moss, 138 F.3d 742 (8th Cir. 1998), the defendant argued the district court erred by not making an express credibility finding as required by Rule 32, when Moss objected to factual portions of the PSR. We held that it was evident from the sentence given that the district court credited one witness's testimony over others. Id. at 745. We stated that, "[t]hough an express credibility finding would have been preferable, in these circumstances the District Court's assessment of witness credibility is evident. We therefore find no violation of Rule 32." Id. Similarly, an express ruling rejecting Brown's meritless objection would have been preferable in this case, but a review of the record indicates that the court implicitly considered, and rejected, Brown's Blakely and Apprendi arguments.

---

[1]Blakely v. Washington, 542 U.S. 296 (2004).

[2]Apprendi v. New Jersey, 530 U.S. 466 (2000).

Brown's second argument, that there was insufficient evidence to support the prior convictions listed in the PSR, is without merit. Brown does not argue that any of the convictions were constitutionally infirm. He simply argues that there was insufficient evidence that they existed because the government did not produce certified copies of the convictions.[3]

At the sentencing hearing, government counsel engaged the probation officer in an extensive dialogue over whether those offenses actually existed. This query included questioning the probation officer about the copies of judgments and the computer criminal history printouts contained in the exhibits the officer had relied upon in preparing the PSR. Defense counsel cross-examined the probation officer regarding these issues. Accordingly, we find that there was sufficient evidence to support the prior convictions listed in the PSR. United States v. Stobaugh, 420 F.3d 796, 802-03 (8th Cir. 2005), cert. denied, 126 S. Ct. 1093 (2006). And, by the end of the hearing, Brown's counsel actually withdrew his objection to the sufficiency of the evidence on this issue, thereby waiving appellate review absent plain error. United States v. Ristine, 335 F.3d 692, 694 (8th Cir. 2003). Finding none, we affirm the district court.

———————————————

[3]At the sentencing hearing, the probation officer disclosed that he relied upon Exhibits 1, 2, and 3 when preparing the PSR. These exhibits contained copies of judgments from Douglas County District Court, and computerized printouts of Brown's arrest record with the Omaha Police Department. Although the officer testified about these exhibits, the exhibits were never offered and received by the district court.