# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3546

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of South Dakota. |
| | * | |
| Kirby McGhee, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: May 18, 2009
Filed: June 22, 2009

_____

Before RILEY, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

Kirby McGhee challenges the within-Guidelines-range sentence the district court[1] imposed after he pleaded guilty to witness tampering. In a brief filed under *Anders v. California*, 386 U.S. 738 (1967), counsel argues that the court erred in calculating McGhee's base offense level and that the sentence is greater than necessary to achieve the purposes of sentencing. McGhee has filed a pro se brief in which he asserts that his offense level is based on unproven allegations and that his counsel was ineffective.

_____

[1]The Honorable Karen E. Schreier, Chief Judge, United States District Court for the District of South Dakota.

We enforce the appeal waiver contained in McGhee's plea agreement and dismiss this appeal. *See United States v. Berberich*, 254 F.3d 721, 723-25 (8th Cir. 2001) (dismissing appeal based on waiver even though court informed defendant of right to appeal at sentencing). The record indicates that McGhee entered into the plea agreement and the waiver knowingly and voluntarily. Further, we conclude that this appeal falls within the scope of the waiver and that enforcing the waiver would not result in a miscarriage of justice. *See United States v. Andis*, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (describing conditions for enforcing appeal waiver and discussing narrowness of miscarriage-of-justice exception; alleged misapplication of Guidelines or abuse of discretion is not subject to appeal in face of valid appeal waiver); *United States v. Estrada-Bahena*, 201 F.3d 1070, 1071 (8th Cir. 2000) (per curiam) (enforcing appeal waiver in *Anders* case). To the extent McGhee's ineffective-assistance claim falls outside the scope of the appeal waiver, we hold that the claim is more properly raised in a 28 U.S.C. § 2255 motion. *See United States v. Ramirez-Hernandez*, 449 F.3d 824, 826-27 (8th Cir. 2006).

We have reviewed the record independently in accordance with *Penson v. Ohio*, 488 U.S. 75 (1988), and have found no nonfrivolous issues beyond the scope of the appeal waiver.

Accordingly, we grant counsel's motion to withdraw, and we dismiss the appeal.

_____