# United States Court of Appeals
### For the Eighth Circuit

_____

No. 15-3494

_____

United States of America

*Plaintiff - Appellee*

v.

Victor Brown

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: July 6, 2016
Filed: July 11, 2016
[Unpublished]

_____

Before SMITH, ARNOLD, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Victor Brown directly appeals the district court's[1] judgment in his criminal case, and his counsel requests leave to withdraw under Anders v. California, 386 U.S. 738 (1967).  We grant counsel leave to withdraw and affirm the judgment.

Brown was indicted on charges of conspiring to distribute at least 28 grams of a mixture or substance containing cocaine base, and delivering a mixture or substance containing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii), (b)(1)(C), and 846.  During a bench trial, Brown objected to witness testimony regarding out-of-court statements by alleged co-conspirator, LeMarcus Wright, and the court conditionally admitted the statements under United States v. Bell, 573 F.2d 1040, 1044 (8th Cir. 1978), subject to making an admissibility determination at the conclusion of the evidence.  The court admitted the out-of-court statements at the conclusion of the evidence, after finding that the government had proven by a preponderance of the evidence that Wright's statements were made by a co-conspirator during the course and in furtherance of the conspiracy.  The court also found that the government had proven Brown's guilt of the charged offenses beyond a reasonable doubt.  Over Brown's objection, the district court found at sentencing-- based on trial testimony that the court found credible--that the offenses involved at least 112 grams of cocaine base.  The court imposed a bottom-of-the-Guidelines sentence of 78 months in prison and 4 years of supervised release.  For reversal, Brown challenges (1) the sufficiency of the evidence to support the verdicts, (2) the admission of Wright's out-of-court statements, and (3) the drug-quantity determination at sentencing.  For the following reasons, these challenges fail.

First, the evidence at trial--which included corroborating testimony of several witnesses, and cellular-telephone text messages between Brown and Wright--was sufficient for a reasonable factfinder to find the offenses proved beyond a reasonable

---

[1]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

doubt.  See United States v. Higgins, 710 F.3d 839, 843 (8th Cir. 2013).  Second, the court did not abuse its discretion in admitting Wright's out-of-court statements, after determining that the government had satisfied the Bell prerequisites.  See Fed. R. Evid. 801(d)(2)(E); United States v. Whitlow, 815 F.3d 430, 434 (8th Cir. 2016). Third, the court did not clearly err in determining, based on the credited trial testimony, that the offenses involved at least 112 grams of cocaine base.  See United States v. Yellow Horse, 774 F.3d 493, 496 (8th Cir. 2014); United States v. Moss, 138 F.3d 742, 745 (8th Cir. 1998) (district court's findings as to credibility related to drug quantity are virtually unreviewable on appeal).

Finally, having reviewed the record pursuant to Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues.  Accordingly, the judgment is affirmed, and counsel is granted leave to withdraw.

_____