# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 96-3703

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Daryn E. Stewart, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: April 18, 1997
Filed: August 20, 1997

_____

Before McMILLIAN, JOHN R. GIBSON, and BEAM, Circuit Judges.

_____

JOHN R. GIBSON, Circuit Judge.

Daryn Stewart appeals his convictions for distribution of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and (b)(1)(B). He argues that the district court[1] erred in refusing to grant immunity to a witness that Stewart believed would establish his innocence and in refusing to allow him to cross-examine a police

_____

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

informant on the informant's involvement in a homicide.  Stewart also argues that the district court erred in sentencing him for selling crack cocaine.  We affirm.

At Stewart's trial the government called Kansas City Police Detective Ray Staley, who testified that while undercover he bought crack cocaine from Stewart on three occasions.  Staley also testified that Mark Robinson helped him buy crack from Stewart by calling Stewart and setting up each purchase.

On cross-examination of Staley, Stewart attempted to show that Robinson had killed another drug dealer in a drug related shooting before he began cooperating with the police.  Stewart argued to the district court that Robinson faced possible murder charges for his role in this shooting and was cooperating with the police to avoid those charges, and that the jury should hear this evidence so they could understand Robinson's motive to cooperate with the police.  The district court excluded all evidence of Robinson's involvement in the shooting because it was a collateral matter and because it was inadmissible under Rule 403 of the Federal Rules of Evidence.

After the government rested its case against Stewart without calling Robinson as a witness, Stewart attempted to call Robinson to testify about his involvement in the shooting.  The district court, however, refused to allow Stewart to ask Robinson in front of the jury about the shooting.

Stewart also attempted to call Eli Strother as a witness.  Strother invoked his Fifth Amendment privilege against self-incrimination, and stated that he would assert the Fifth Amendment to questions about the case.  Stewart asked the district court to grant immunity to Strother so he could testify for Stewart.  The district court refused to grant Strother immunity, and he did not testify.

The jury found Stewart guilty of three counts of distribution of cocaine base. The district court found that Stewart had sold cocaine base in the form of crack cocaine and sentenced Stewart accordingly. Stewart appeals his conviction and his sentence.

## I.

Stewart argues that the district court violated his Sixth Amendment right to confront witnesses against him by preventing him from questioning Staley and Robinson about Robinson's role in the shooting.

The Confrontation Clause of the Sixth Amendment guarantees to Stewart the opportunity for effective cross-examination of witnesses against him, including inquiry into the witnesses' motivations and biases. See United States v. Warfield, 97 F.3d 1014, 1024 (8th Cir. 1996), cert. denied, 117 S. Ct. 1119 (1997). The right to examine witnesses under the Confrontation Clause is not without limitation. District courts retain wide latitude under the Confrontation Clause to impose reasonable limits on cross-examination when they have concerns about harassment, prejudice, confusion of the issues, a witness's safety, or interrogation that is repetitive or only marginally relevant. See id. Absent a clear abuse of discretion and a showing of prejudice, we will not reverse a district court's ruling limiting cross-examination of a prosecution witness on the basis that it impermissibly infringed Stewart's right of confrontation. See id.

We reject Stewart's argument that the district court erred in preventing him from cross-examining Staley about Robinson's involvement in the shooting. Stewart wanted to bring out Robinson's involvement in the shooting to show his bias and strong motive to cooperate with the police to avoid possible murder charges. Stewart's right to confront witnesses gives him a right to cross-examine Staley about Staley's motivation or bias, not Robinson's bias. Cf. Delaware v. Van Arsdall, 475 U.S. 673, 678-80 (1986) ("[T]he focus of the Confrontation Clause is on individual witnesses.").

Robinson's bias is irrelevant to Staley's testimony. Staley testified that he met with Stewart on three occasions to buy crack cocaine. Staley stated that at each meeting Stewart gave him crack cocaine in exchange for money. While Staley testified that Robinson set up the crack sales and was present at all three sales, Staley's testimony stands on its own and is unaffected by Robinson's bias. The district court did not abuse its discretion in preventing Stewart from cross-examining Staley about Robinson's bias, and there was no violation of the Confrontation Clause.

We also conclude that the district court did not violate the Confrontation Clause when it prevented Stewart from calling Robinson to the stand to testify about Robinson's involvement in the shooting. The Confrontation Clause gives Stewart the right to cross-examine witnesses against him. The government, however, did not call Robinson as a witness against Stewart. Therefore, the Confrontation Clause has nothing to do with the district court's limitation of Stewart's questioning of Robinson. See Davis v. Alaska, 415 U.S. 308, 320 (1974) (stating that the government can avoid the introduction of bias evidence under the Confrontation Clause by not calling the witness for whom that evidence is relevant).

## II.

Stewart argues that the district court should have granted Strother immunity so that Strother could testify in Stewart's defense. Stewart contends that Strother's testimony was essential to his defense, and that the district court's failure to grant Strother immunity deprived him of a fair trial. The district court did not have the authority to grant Strother immunity because this court has consistently refused to recognize the concept of judicial immunity. See Warfield, 97 F.3d at 1020. Use immunity can be granted only when formally requested by the Attorney General, and the district court is without power to force the government to grant a witness immunity. See id. Thus, the district court was completely without power to grant Strother immunity and correctly refused to do so.

## III.

Stewart argues that the district court erred in sentencing him to the enhanced penalties for selling crack cocaine because there is no evidence to support the district court's factual finding that he sold crack cocaine.

Stewart should receive the enhanced penalties contained in the Sentencing Guidelines only if the district court properly found that Stewart distributed the "crack" form of cocaine base. See U.S.S.G. § 2D1.1(c), Note (D); United States v. Munoz-Realpe, 21 F.3d 375, 377 (11th Cir. 1994). The sentencing judge also presided at Stewart's trial. See United States v. Wiggins, 104 F.3d 174, 178 (8th Cir. 1997). We can reverse the district court's factual finding only if it is clearly erroneous. See United States v. Williams, 97 F.3d 240, 243 (8th Cir. 1996).

There is evidence in the record to support the district court's factual finding. Staley testified at trial that he bought crack cocaine from Stewart on three occasions. Staley also identified the crack cocaine he bought from Stewart when the government introduced it into evidence. The government had the cocaine analyzed by a chemist and entered the chemist's reports into evidence at Stewart's trial. The reports state that the cocaine base was "rock-like." We conclude that the district court's finding that Stewart sold crack cocaine is not clearly erroneous.

Stewart argues that there must be evidence that the cocaine base that he sold contained cocaine hydrochloride and sodium bicarbonate before the district court may find that the cocaine base is crack cocaine. We reject Stewart's argument because the Sentencing Guidelines only state that crack cocaine is "usually prepared by processing cocaine hydrochloride and sodium bicarbonate." U.S.S.G. § 2D1.1(c), Note (D). This language does not require such evidence before the district court can conclude that a substance is crack cocaine, and such evidence was not required in this case.

-5-

We affirm Stewart's conviction and sentence.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.