United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 96-3679
_____

United States of America,                    *
                                             *
              Appellee,                       *
                                             *    Appeal from the United States
        v.                                    *    District Court for the
                                             *    Western District of Missouri.
Michael Johnson,                              *
                                             *         [UNPUBLISHED]
              Appellant.                      *

_____

Submitted:  September 19, 1997
      Filed:  September 22, 1997

_____

Before FAGG, BOWMAN, and MURPHY, Circuit Judges.
_____

PER CURIAM.


        Michael Johnson pleaded guilty to an indictment charging him with conspiring to possess "cocaine base ('crack')" with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and 846; with distributing "cocaine base ('crack')," in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B); and with possessing "cocaine base ('crack')" with intent to distribute, in violation of section 841(a)(1) and (b)(1)(A), and 18 U.S.C. § 2.  The probation officer who prepared Johnson's presentence report attributed 179.9 grams of "cocaine base" to Johnson, and recommended a base offense

level of 34, see U.S. Sentencing Guidelines Manual § 2D1.1(c)(3) (1995) (150-500 grams of cocaine base), and a Guidelines sentencing range of 135 to 168 months. Johnson disputed whether the controlled substances at issue were "crack cocaine"; after hearing the government's evidence, the district court[1] determined the substances were crack and sentenced Johnson to concurrent terms of 135 months imprisonment and five years supervised release. Johnson appeals, challenging the district court's finding as to the identity of the drug involved in his offenses. We affirm.

The Guidelines define "cocaine base" as "crack," which in turn is defined as "the street name for a form of cocaine base, usually prepared by processing cocaine hydrochloride and sodium bicarbonate, and usually appearing in a lumpy, rocklike form." See U.S. Sentencing Guidelines Manual § 2D1.1(c) Note (D) (1995). The Drug Enforcement Administration case agent assigned to Johnson's investigation testified at sentencing that on three occasions, an undercover agent negotiated for and bought crack cocaine from Johnson, that Johnson told the agent during the first transaction he had cooked powdered cocaine into crack cocaine, that each of the substances was in rock form when purchased by the agent, and that the substance Johnson threw on the ground when he was fleeing from police before his arrest was also in rock form. The government introduced into evidence the controlled substances, as well as photographs of a portion of the controlled substances, depicting a rock-like substance. A forensic chemist also testified that the rock form of cocaine is crack cocaine, and that the material in the photographs was consistent with crack cocaine because of its "small hard form."

Based on this evidence, we conclude the district court did not clearly err in determining the government had proved by a preponderance of the evidence that the drugs at issue were "crack." See United States v. Maxwell, 25 F.3d 1389, 1397 (8th

---

[1]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

-2-

Cir.) (standard of review), cert. denied, 513 U.S. 1031 (1994); United States v. Stewart, No. 96-3703, 1997 WL 542042, at *1, *3 (8th Cir. Aug. 20, 1997) (evidence supported finding that defendant sold crack cocaine when undercover officer testified he had purchased crack cocaine from defendant on three occasions and identified substances when introduced into evidence, and government entered into evidence lab reports indicating cocaine base was "rock-like"); United States v. Williams, 982 F.2d 1209, 1212 (8th Cir. 1992) (identity of controlled substance may be proven through circumstantial evidence and opinion testimony; narcotics detective, based on his experience and observation, testified substance was crack cocaine).

We also disagree with Johnson's contention that the district court failed to make specific factual findings as to the identity of the drugs at issue. We further conclude the court merely committed a clerical error when it checked the box on the judgment form which includes language stating that the sentencing range does not exceed 24 months; to the extent Johnson suggests the court erred in failing to state the reasons for sentencing Johnson at a particular point in the range, see 18 U.S.C. § 3553(c), any such error was harmless as he was sentenced at the bottom of the applicable Guidelines imprisonment range, see Fed. R. Crim. P. 52(a).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-