United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**

No. 97-2425

_____

United States of America,                    *
                                             *
      Appellee,                         *
                                             *   Appeal from the United States
      v.                                *   District Court for the
                                             *   Northern District of Iowa
Claude Fuller,                               *
                                             *        [UNPUBLISHED]
      Appellant.                        *

_____

Submitted:  April 24, 1998

Filed:  May 13, 1998

_____

Before McMILLIAN, WOLLMAN and MURPHY, Circuit Judges.

_____

PER CURIAM.

Claude Fuller appeals from the final judgment entered in the District Court[1] for the Northern District of Iowa upon a jury verdict finding him guilty of possessing, and aiding and abetting the possession of, crack cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.  The district court sentenced Fuller to 120 months imprisonment and eight years supervised release.  Counsel has filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), and Fuller has filed

---

[1]The Honorable Michael J. Melloy, Chief Judge, United States District Court for the Northern District of Iowa.

a pro se supplemental brief. For reversal, counsel argues that the evidence was insufficient to prove Fuller's guilt and that Fuller's prior state conviction did not constitute a felony for purposes of 21 U.S.C. § 841(b)(1)(B)'s sentencing enhancement; Fuller argues pro se that the government failed to prove the cocaine base was crack cocaine and that, because he was not indicted by a grand jury and did not waive this requirement when he was prosecuted for his prior state offense, his present sentence cannot be enhanced. See 21 U.S.C. § 851(a)(2) (to enhance sentence, person must have either waived or been afforded prosecution by indictment "for the offense for which such increased punishment may be imposed"). For the reasons discussed below, we affirm the judgment of the district court.

We will reverse a conviction for insufficient evidence only when we conclude that no reasonable juror could find guilt beyond a reasonable doubt, and we review the evidence in the light most favorable to the government and accept all reasonable inferences supporting the verdict. See United States v. Behr, 33 F.3d 1033, 1035 (8th Cir. 1994). The evidence presented at trial was more than sufficient to support a guilty verdict. The government's evidence showed authorities seized cash from Fuller and also seized crack cocaine, drug paraphernalia, and additional cash from a residence linked to Fuller; Fuller admitted that the crack was his, that the seized money belonged to him and some of it represented drug proceeds, and that he had cut and packaged the crack found at the residence. The evidence further established that the quantity and packaging indicated an intent to distribute, and that Fuller had sold crack cocaine to an undercover officer a few days before the search, had given his pager number to that officer, and possessed serialized currency from that transaction.

We also conclude the district court did not err in determining Fuller's prior state conviction for possessing less than 15 grams of cocaine was a prior drug felony for purposes of 21 U.S.C. § 841(b)(1)(B). See 21 U.S.C. § 802(13) (stating as relevant that "felony" means any state offense classified by applicable state law as felony); 720 Ill. Comp. Stat. 570/402(a)(2) and (c) (West 1993) (person who possesses less than 15

grams of cocaine is guilty of Class 4 felony). Because Fuller was prosecuted by superseding indictment in the instant offense, we also reject his argument that § 851(a)(2) precludes the use of Fuller's prior conviction to enhance his sentence under § 841(b). See United States v. Trevino-Rodriguez, 994 F.2d 533, 536 (8th Cir. 1993) (§ 851(a)(2) refers to prosecution of current offense, not prior conviction; because instant offenses of conviction were prosecuted by indictment, § 851(a)(2) did not preclude use of prior state conviction to trigger statutory mandatory minimum under § 841(b)).

Next, we review for plain error Fuller's pro se argument concerning the identity of the drugs, because he failed to object below to the calculation of his base offense level using the Guidelines for cocaine base. See United States v. Montanye, 996 F.2d 190, 192 (8th Cir. 1993) (en banc); United States v. Williams, 994 F.2d 1287, 1294 (8th Cir. 1993). We conclude the district court did not commit plain error in using the Guidelines for cocaine base, because the government's witnesses testified that Fuller admitted to owning and selling crack cocaine and that Fuller had sold crack cocaine to an undercover officer. Moreover, the laboratory reports admitted into evidence indicated that the seized drugs were "cream chunks" determined to be cocaine base and that the "rock-like substance[s]" sold to the undercover officer also were cocaine base. Cf. United States v. Stewart, 122 F.3d 625, 627-28 (8th Cir. 1997) (evidence supported finding that defendant sold crack cocaine when undercover officer testified he had purchased crack cocaine from defendant on three occasions and identified substances when introduced into evidence, and government entered into evidence lab reports indicating cocaine base was "rock-like").

We have reviewed the record for any nonfrivolous issues in accordance with Penson v. Ohio, 488 U.S. 75, 80 (1988), and have found none.

Accordingly, we affirm the judgment of the district court. Fuller's motion for appointment of appellate counsel is denied.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.