# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 01-2805

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Alejandro Cruz-Padilla, | * | Northern District of Iowa |
| | * | |
| Appellant. | * | [UNPUBLISHED] |

———————

Submitted:  June 7, 2002

Filed:  June 12, 2002

———————

Before McMILLIAN, BOWMAN, and MURPHY, Circuit Judges.

———————

PER CURIAM.

Alejandro Cruz-Padilla appeals from the final judgment entered in the District Court[1] for the Northern District of Iowa upon a jury verdict finding him guilty of conspiring to possess methamphetamine with intent to distribute, in violation of 21 U.S.C. § 846, and aiding and abetting the possession of methamphetamine with intent to distribute, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1).  The district

———————

[1]The Honorable Donald E. O'Brien, United States District Judge for the Northern District of Iowa.

court sentenced appellant to 188 months imprisonment and 5 years supervised release.

On appeal, counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing for reversal that the district court erred in denying a motion for judgment of acquittal or for a new trial. Cruz-Padilla has moved for appointment of substitute counsel and filed a pro se supplemental brief, arguing that the court erred in admitting certain evidence at trial and in allowing a particular witness to testify at sentencing, and that trial counsel was ineffective for failing to object to the court's evidentiary rulings. For the reasons discussed below, we affirm the judgment of the district court.

The district court did not err in denying Cruz-Padilla's motion for judgment of acquittal because the evidence, viewed in the light most favorable to the government, did not require a reasonable jury to have reasonable doubt about his guilt; nor did the court clearly and manifestly abuse its discretion in denying his motion for a new trial. See United States v. Covey, 232 F.3d 641, 647 (8th Cir. 2000) (standards of review), cert. denied, 122 S. Ct. 39 (2001). The jury was entitled to believe the testimony of several police officers linking Cruz-Padilla with methamphetamine distribution, and to believe drug dealers' testimony that Cruz-Padilla dealt methamphetamine. See United States v. Fellers, 285 F.3d 721, 725 (8th Cir. 2002) (credibility determinations are left to jury).

The district court's evidentiary ruling at trial--allowing an audiotape of telephone conversations in Spanish to be played for the jury, while providing the jury with English transcripts which were taken away after the tape was played--was proper. See United States v. Calderin-Rodriguez, 244 F.3d 977, 986 (8th Cir. 2001); United States v. McMillan, 508 F.2d 101, 104 (8th Cir. 1974), cert. denied, 421 U.S. 916 (1975). Any error in the court's evidentiary ruling at sentencing--allowing a witness to testify who had not been permitted to testify at trial--was harmless, given

that he testified in support of a proposed offense-level enhancement that the court denied.

Cruz-Padilla's ineffective assistance claims should be presented in a 28 U.S.C. § 2255 motion, if at all. <u>See</u> <u>United States v. Clayton</u>, 210 F.3d 841, 845 n.4 (8th Cir. 2000).

Finally, having reviewed the record independently pursuant to <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), we conclude that there are no nonfrivolous issues for appeal. We therefore grant counsel's motion to withdraw, deny Cruz-Padilla's motion for new counsel, and affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.