# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 02-1084

———————

United States of America,

         Appellee,

    v.

Jerry Edward Wilson,

         Appellant.

Appeal from the United States
District Court for the
Eastern District of Missouri.

[UNPUBLISHED]

———————

Submitted: June 12, 2002

Filed: June 18, 2002

———————

Before RILEY, BEAM, and MELLOY, Circuit Judges.

———————

PER CURIAM.

Jerry Edward Wilson (Wilson) pleaded guilty to conspiracy to commit bank fraud in violation of 18 U.S.C. §§ 2 and 1344, and the unauthorized use of an access device in violation of 18 U.S.C. § 1029(a)(3). Based upon a total offense level of 13 and a Category VI criminal history, Wilson's sentencing guideline range was 33 to 41 months. Pursuant to the plea agreement, the government moved for a downward departure under U.S.S.G. § 5K1.1. However, the district court[1] sentenced Wilson to

———————

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

60 months imprisonment, imposing an upward departure after finding Wilson's criminal history category understated the seriousness of his past criminal conduct as provided in U.S.S.G. § 4A1.3, p.s. Wilson appeals his sentence. We affirm.

We review the district court's departure from the sentencing guidelines for an abuse of discretion. Koon v. United States, 518 U.S. 81, 99-100 (1996); United States v. Fellers, 285 F.3d 721, 726 (8th Cir. 2002). "The court may depart upward if 'reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes.'" Id. (quoting U.S.S.G. § 4A1.3).

"Neither the text of § 4A1.3 nor our precedents require a ritualistic exercise in which [the sentencing court] mechanically discusses each criminal history category it rejects en route to the category that it selects." United States v. Levi, 229 F.3d 677, 679 (8th Cir. 2000) (citation and quotations omitted). In determining whether an upward departure is warranted, the district court may consider the similarity of past offenses to the instant offense and evidence of the incorrigibility of the defendant. The district court may conclude that there is a heightened need for deterrence or that leniency has not been or would not be effective. See United States v. Goings, 200 F.3d 539, 542 (8th Cir. 2000).

Wilson argues the district court failed to provide reasons for selecting the sentence it imposed, particularly a basis for any determination as to whether the upward departure was reasonable and whether, or to what degree, it considered the government's motion for a downward departure. However, the district court noted the reason for the upward departure was Wilson's "unenviable record" of "stealing-type offenses." The district court referred to Wilson's list of crimes dating from 1977 to the present, including forgery, burglary and theft. The presentence investigation report concluded Wilson had 27 criminal history points, without assigning points to

five convictions dating from 1977 to 1980. The district court recognized Wilson's prior terms of incarceration had not deterred his "unrelenting involvement in these kinds of offenses." Additionally, the district court stated it had no reason to believe Wilson would cease to involve himself in the offensive activities.

Further, the district court specifically stated it would take the motion for downward departure into consideration along with Wilson's acceptance of responsibility and career offender criminal history. The downward departure motion was expressly denied.

Noting the sentencing guidelines have no applicable career offender classification for white collar crime, the district court compared Wilson to a career offender. The district court concluded "there clearly are grounds, in my view, for an upward departure based on the defendant's criminal history being under represented." The district court then sentenced Wilson to 60 months imprisonment.

We find the district court cited sufficient and appropriate factors in considering the reasons for the upward departure, and the resulting sentence is reasonable based upon those factors. Therefore we affirm, holding the district court did not abuse its discretion in departing upward pursuant to U.S.S.G. § 4A1.3.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-