# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1464

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Missouri. |
| | * | |
| Arthur L. Ballard, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: September 10, 2002

Filed: September 19, 2002

_____

Before MORRIS SHEPPARD ARNOLD, FAGG, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Arthur L. Ballard appeals his 24-month sentence for conviction of conspiracy to commit bank fraud in violation of 18 U.S.C. §§ 371, 1344 (2000). Ballard contends the district court[*] should not have held him liable for the entire amount of the loss caused by the conspiracy ($64,591.55), but only for the $7,800 loss he directly caused. We disagree. The total loss of $64,591.55 resulted from "reasonably foreseeable acts . . . of others in furtherance of the jointly undertaken criminal

_____

[*]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

activity." U.S. Sentencing Guidelines Manual § 1B1.3(a)(1)(B) (2001). Ballard "'benefitted from his co-conspirator's activities,'" he "'demonstrated a substantial level of commitment to the conspiracy,'" and he knew the "acts of fraud committed by [one other co-conspirator] were remarkably similar" to his own. United States v. Bad Wound, 203 F.3d 1072, 1076-77 (8th Cir. 2000) (quoting United States v. Brown, 148 F.3d 1003, 1008 (8th Cir. 1998)). Thus, the district court did not commit error when it held Ballard responsible for the entire loss caused by the conspiracy and sentenced him accordingly.

Ballard raises two additional arguments. First, he argues the district court should have sentenced him as a minor participant. Having reviewed the district court's factual findings about Ballard's role in the conspiracy, we conclude the findings are free from clear error. See United States v. Fellers, 285 F.3d 721, 726 (8th Cir. 2002) (standard of review). Second, Ballard contends the district court committed error by ordering his sentence to run consecutively to–rather than concurrently with–a Missouri sentence for second-degree burglary. United States v. Plumley, 207 F.3d 1086, 1093 (8th Cir. 2000) (standard of review). When Ballard participated in the bank fraud conspiracy, he was on conditional release from serving his sentence for burglary; the conspiracy conviction caused the conditional release to be revoked. In this situation, the district court acted properly when it determined the two sentences should run consecutively. U.S.S.G. § 5G1.3, cmt. n.6 (2001).

For the reasons stated above, we affirm Ballard's sentence.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-